THE FOURTH NATIONAL BANK OF CHICAGO

*v.*

THE CITY NATIONAL BANK OF GRAND RAPIDS.

1. BANK CHECK—*right of holder to sue on.* The holder of a check on a bank, who has paid value for it, is entitled to so much of the funds of the drawer on deposit as the check calls for, and when presented for payment, the bank on whom it is drawn will become the holder of the drawer's money, to the use of the holder, and will be bound to account to him for the amount, unless other equities have intervened.

2. SAME—*right of bank to appropriate deposit on debt due itself.* A bank check operates as an equitable, if not a legal, assignment, or transfer, to the holder of the check, of so much of the money of the drawer as he has on deposit in the bank at the time of its presentation for payment, subject to his draft, as may be necessary to pay it.

3. The rights of the holder of the check and the bank, will be fixed from the time the check is presented for payment, and the bank will have no right subsequently to pay other checks, or other demands, either to itself or to others, which may afterwards be presented, or shall afterwards accrue. And if the bank can not retain the drawer's money to pay a debt accruing in its favor after presentation of such check, it can not retain it, as against the check holder, under the claim of a lien for a debt not due.

4. BANKER'S LIEN—*nature and extent of.* In the very nature of such transactions, a banker's lien can not extend to the money left on deposit with him, according to the custom and usages of banks. Such lien is confined to securities and valuables which may be in the banker's custody as collaterals. The credit must be given on the faith of the securities, or valuables, either in possession or expectancy.

5. BANK—*right of equitable set-off against deposit.* Where a party procured his own note to be discounted at a bank, and the money received was placed in the bank as a deposit to his credit, and he afterwards became insolvent before the maturity of his note, it was *held,* that the bank might be entitled to an equitable set-off of its debt against the deposit as against the depositor, but not as against the rights of third parties, holders of the depositor's checks presented for payment.

6. SAME—*contract springing by usage from deposit.* By universal custom and usage, a banker, when he receives a deposit, agrees with the depositor to pay it out, on the presentation of his checks, in such sums as those checks may specify, and to the persons presenting them, and with the whole world, the banker agrees that whoever shall become the owner of such check, shall, upon presentation thereof, become thereby the owner, and entitled to receive the sum specified in the check, provided the drawer shall at that time have that amount on deposit.

7. BANKRUPTCY—*assignee takes subject to all rights and equities existing against the bankrupt.* After the presentation, by a *bona fide* holder, of a check drawn by a depositor on funds of his in bank, the latter was adjudged a bankrupt, and it was *held,* that as the holder's right to payment had become fixed before the filing of the petition in bankruptcy, the assignee could not compel the bank to pay the amount of such check, in case of payment to the holder, as his title to the bankrupt's property was subject to all the rights and equities affecting the same in the hands of the bankrupt himself.

400    Fourth Nat. Bank *v.* City Nat. Bank.    [Sept. T.

Opinion of the Court.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

Messrs. Howe & Russell, for the appellants.

Messrs. Sleeper & Whiton, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery, by appellants, to enjoin a suit at law brought by the appellees against appellants, to recover the proceeds of a check drawn by one Latourette on appellants, and for which appellees had paid the money, and thereby became the owners of it in the course of business, and for value. Appellants are a banking institution in Chicago, and appellees in the city of Grand Rapids, in the State of Michigan. Latourette was a resident of the last named city, and had, on the 25th of September, 1871, obtained a discount of appellants on his note for five thousand dollars, and which sum was duly placed to his credit on their books. On the 6th of October thereafter, Latourette drew his check against a portion of these funds, for one thousand dollars, in favor of the appellees, who, on the same day, paid the cash for it, taking it in the usual course of business. The check was sent immediately to Chicago for collection, but it did not reach there in time to be presented for payment on the next day, which was Saturday. On the following day, Sunday, the memorable fire occurred, preventing the bank from doing business until the 17th of October, on which day the check was duly presented and payment refused. Appellees brought assumpsit in the circuit court to recover the amount of the check, which is the suit sought to be enjoined.

The prayer of the bill is, not only that appellees be enjoined from prosecuting this suit, but that complainants may be decreed, as against appellees, to have a just and valid lien on Latourette's deposits, to secure the payment of his note.

It was also alleged that Latourette had gone into bankruptcy on or about the 8th of November, 1871, on a petition filed on October 13, and an assignee appointed, to whom was assigned all the estate of the bankrupt.

The object of the bill is, to ascertain and settle the rights of the appellants as against the appellees, the holders of the check, and the assignee in bankruptcy.

A demurrer was interposed, on which the court gave judgment for the defendant, and entered a decree dismissing the bill.

To reverse this decree an appeal is taken to this court.

The note discounted by appellants was not due, three days' grace being allowed, until the 28th day of October. The check was presented for payment on the 17th of October, on which day there were funds belonging to the drawer of the check in the bank sufficient to pay it. On the authority of *Monroe et al.* v. *Beach et al.* 25 Ill. 35, we must hold, the holder of the check, who had paid value for it, was entitled to so much of this fund as the check called for, and when presented to appellants, they became the holder of the money, to the use of appellees, and were bound to account to them for that amount, unless other equities have intervened.

It is claimed by appellants, they have equities superior to those of appellees, and of such a nature as to override the legal claim of appellees. These equities are based, first, upon an alleged lien on the funds of its depositors to secure their indebtedness, whether matured or not ; second, in a case of insolvency of a depositor, a right to an equitable set-off exists in favor of the bank, and this without regard to the maturity of the debt. And they further urge, that the assignee in bankruptcy of the drawer of the check has a claim upon this fund as against the check-holder and appellants, and they may be subjected to another suit.

As to the first proposition, that is answered by the case cited. It was there said, the check operated as an equitable, if not a legal, assignment and transfer of this money from

26—68TH ILL.

the depositor to the holder of this check, as the drawer had in the bank, at the time it was presented for payment, subject to his draft, an amount sufficient to pay it. The rights of the parties were then fixed, and appellants had no right subsequently to pay other checks, or other demands, either to themselves or to others, which were afterwards presented or accrued.

If they could not retain this money to pay a debt which, after the presentation of the check, had accrued to themselves, it is very clear they could not retain it under the claim of a lien for a debt not due. Such a claim would be destructive of the very purpose of a bank accommodation, such as this was. If a bank can retain the money as against the note, of what use to a borrower is the discount?

The universal custom informs us what the contract of all the parties to such transactions is. It informs us that the banker, when he receives the deposit, agrees with the depositor to pay it out on the presentation of his checks in such sums as those checks may specify, and to the person presenting them, and with the whole world the banker agrees that whoever shall become the owner of such check, shall, upon presentation thereof, become thereby the owner and entitled to receive the amount specified in the check, provided the drawer shall at that time have that amount on deposit.

It was further said, in the case cited, to deny to the holder of a bank check both a legal and equitable right, after presentation of the check, to the money of the drawer in the hands of the banker, would destroy the most valuable feature of bank deposits and checks.

In the very nature of such transactions, a banker's lien can not extend to the money left on deposit with him, according to the customs and usages of banks. It has never been so extended, but is confined to securities and valuables which may be in the banker's custody as collaterals. The credit must be given on the credit of the securities or valuables,

either in possession or expectancy. *Russell* v. *Haddock*, 3 Gilm. 233. This is the extent of a banker's lien.

The other proposition, that of a right to an equitable set-off, might be conceded if no third party was in the way. The third party here is the appellees, whose right to this money was fixed on the 17th of October, the day the check was presented and payment demanded. This right of set-off, as claimed, is but another phase of the banker's lien, and has no foundation in law or justice as against a check-holder for value.

The remaining proposition is readily disposed of, when it is considered that the title of the assignee of property of the bankrupt is subject to all the rights and equities which would have affected such property while in the hands of the bankrupt. Before the adjudication in bankruptcy, the right of appellees had become fixed, and their equity was complete before the petition in bankruptcy was filed.

It can not be seriously claimed by appellants that a recovery by the appellees in their action at law on this check, would not be a defense to an action brought by the assignee.

We do not perceive any grounds, legal or equitable, on which the claim of appellants is based.

If their first two propositions were sound, a most important part of the system of banking would become worthless.

The decree of the circuit court is affirmed.

*Judgment affirmed.*