Albaugh, J.
The question presented by the record in this case for consideration is one of unusual interest and importance, and has been argued by counsel on both sides with great care and ability. The plaintiff in error by his demurrer admits the truth of all the facts alleged in the petition. The question then is: Did the execution and delivery of this check by Stewart operate as an equitable assignment to Hesket, pro tanto, of the funds which he had on deposit with the Importers’ and Traders’ National Bank, in New York? — if it did, he would have the right to maintain his action and reach this fund in the hands of Stewart’s assignee.
It will be conceded that by an ordinary deed of assignment the assignor conveys and assigns all his property, real and personal, to his assignee for the benefit of his creditors; that is, he conveys all interest that he has in such property; the assignee, therefore, does not take anything more than that owned by the assignor at the time of the assignment; then, if Hesket acquired a right to this fund to the amount named in the check, such right would not be affected by the assignment, and he would be entitled to the payment of his check in full, from this fund in the hands of Stewart’s assignee. It is contended on the part of the plaintiff, that by the giving of this check no interest in this fund then on deposit in the Importers’ & Traders’ National Bank could be acquired by Hesket, until the same was presented to the bank for payment or acceptance ; and that, as the assignment was made before presentation and acceptance, the assignee took the fund free from any lien thereon. We will not undertake to harmonize the conflict of authority upon this question, but will briefly notice the leading cases cited by counsel in support of their respective claims, and determine the rights of the parties as nearly as we can by the weight of authority. That case of Harris v. Clark, 3rd Com. (N. Y.), 98, is cited by the plaintiff, and relied upon, among others, as supporting the position assumed by him. In that case it was held that an unaccepted draft for a specific sum upon a third person, who has in his possession funds of the drawer, does not operate as an assignment or appropriation to the payee of the sum named in the draft, but *4 it was further said in that case, that the instrument in question was not a check on a bank, but an inland bill of exchange; that one of the characteristics which distinguishes a check from a bill of exchange, is that a check is always drawn on a bank or banker, and it is said to operate as a transfer from the time of its presentation or notice to the bank; while a draft is usually drawn at a longer time, and frequently taken upon the general credit of the drawer, and with less certainty of acceptance and payment by the drawee; that there are plausible, if not solid reasons for this distinction, arising out of the course of business, and the mutual understanding among banks and their customers. The customer deposits his money in a bank, with the understanding that he may draw checks in such sums as may suit his convenience ; the bank receives it upon that condition, and undertakes to keep the amount and pay the money accordingly. Checks are treated as cash, and by the course of business they are paid by the banker on whom they are drawn, with the same punctuality and certainty as if the deposit were specifically the money of the customer. Checks are, therefore, practically equivalent to a transfer of so much of the fund deposited. And the judge concludes by saying: “ But whether a bank check operates in favor of the holder as an assignment of the fund, so as to give him a remedy against the drawee, who refuses to accept or pay, is, perhaps, yet unsettled, and it is not necessary to determine it with a view to the case under consideration.”
The case of Chapman v. White, 6 N. Y., 412, was also a draft, and the preceding case was cited and followed. In the case of Attorney-General v. Continental Life Ins. Co., 71 N. Y., 330, the question was made as to a check, and the facts in this case bear a strong analogy to the case now under consideration, except that the check was not drawn upon a bank. In this case it was held that a check, drawn in the ordinary form, not describing any particular fund or using any words of transfer of the whole or any part of any amount standing to the credit of the drawer, does not operate as an assignment, equitable or otherwise, of funds of the drawer in the hands of the drawee; but upon the examination of this case we find that the judge delivering the opinion cites and quotes fully from *5 the case of Harris v. Clark as sustaining this doctrine, when, as we have shown, the question was not passed upon or decided in that case. In the case of Etna Nat’l Bank v. Fourth Nat’l Bank, 46 N. Y., 83, it was also decided that a draft on a bank is no assignment of the deposit therein to the drawer’s credit, and gives no lien thereon in favor of the holder! In Dickenson v. Coates, decided by the supreme court of Missouri, reported in Cen. Law Journal, Vol. 18, No. 4, it was held that a check drawn in the usual form on a bank against a portion of the deposit therein, does not before its presentation and acceptance operate as an equitable assignment, pro tanto, of the deposit of the drawee, either in law or in equity, and this upon the sole ground that the relation between depositor and banker is that of creditor and debtor, and that a creditor cannot, either in law or equity, assign a part of such debt due him without the debtor’s consent. The cases of Bank of Republic v. Millard, 10 Wall., 152, and First Nat’l Bank v. Whitman, 4th Otto., 343, were both actions brought by the holder against the bank (the drawee), to recover upon refusal to pay a check when presented by the holder. The real question in both of these cases was, however, whether a bona fide holder of the check could maintain such action when funds of the drawer sufficient in amount to pay the check was on deposit. It was held that such action could not be maintained, upon the ground that there was no privity of contract between the holder of the check and the bank. The case of Carr v. Nat’l Security Bank, 107 Mass., was decided upon the same ground, without reference to other cases cited by the plaintiff; we find that in all these cases, with perhaps a single exception, the courts have placed their decision upon the ground of the want of privity of contract, where the action was brought by the holder against the drawee, or that the relation of debtor and creditor was created as between the depositor and depositary, and that the creditor could not change the terms of his contract and require his debtor to pay in the sums and to such persons as he should designate. We are not embarrassed with either of these questions in this case ; this is not a controversy between the holder of the check and the drawee, or bank. But it is a controversy between the assignee of the drawer of the *6 check and the holder, and as we have said, the assignee takes the property of his assignor subject to all the equities existing against it in favor of third parties, and sustains the same relation to the tranaction as Stewart would have sustained if no assignment had been made.
It is averred in the petition that Stewart deposited with the Importers’ & Traders’ National Bank said sum of money under an agreement that said bank would deliver the same to such persons, at such times, and in such sums, as he might order. By the terms of this agreement, the bank was bound to pay out such sums of money, and to such persons, as Stewart would indicate from time to time, as long as the money was there on deposit; if the relation of debtor and creditor, as between him and the bank, was created by the deposit of this fund, the bank was only discharging the obligation imposed upon it by the terms of this agreement to pay the checks that Stewart would draw from time to time upon it, and the promise on the part of the bank would ’ inure to the benefit of the holder of any such checks. The rule is well established in this state in cases of contract, that if one person makes a promise to another for the benefit of a third, the latter may maintain an action upon it, though the consideration did not move from him.
It is hardly necessary to observe that the money, when the check was drawn, belonged of right to Stewart, the depositor, and had he demanded it to himself, the bank had no right to withhold it from him; it was his property. Instead of drawing in his own favor, he drew in favor of Hesket, that is to say, he assigned to him such portion of the deposit as was named in the check. It is not easily perceived upon what principle the justice of Hesket’s claim can be disputed. Where one, in consideration of money to come into his hands, promises to disburse that money as he shall be ordered by him from whom he receives it, he thereby creates a contract negotiable in its very nature, which puts him in privity with whomsoever he may be ordered to make payment to, so that the promise is in effect to that person, and he is bound by such promise to pay him. Jones v. Gibson, 12 Rich. (S. C.), 518.
*7 The well-known custom that prevails as between bankers and depositors, creates an implied promise on the part of the bank to pay out deposits upon presentation of checks of the depositor, in such sums and to such persons as he should indicate by check, and a banker’s check, drawn on another bank in which the drawer has funds on deposit at the tijne with which to pay it, operates as an equitable assignment, pro tanto, of the fund drawn upon, and binds the drawee from the time of presentment to the extent of the funds of tlje drawer then on deposit. Such check in effect sets apart so much of the fund as is named therein to the absolute use of the holder. Mun. et al. v. Burch, 25 Ill., 35; National Bank v. National Bank, 68 Ill., 398; Union National Bank v. Oceana Co. Bank, 80 Ill., 212; Lester & Co. v. Given, 8 Bush. (Ky.), 357; Jones v. Gibson, 12 Rich. (S. C.), 518; Robert’s Assignee v. Austin, 26 Ia., 315.
When an order is given by a debtor to his creditor, directed to a third person having in his hands funds of the debtor in specie or in the way of a debt due, desiring him to pay the creditor out of that fund, it is an equitable assignment of so much of the fund or credit, not only against the party giving the check, but his assignee in bankruptcy or insolvency. Ex parte Alderman, 1 Madd., 39.
A check is an absolute appropriation of so much money in the hands of the banker to the holder of the check, and there it ought to remain until called for. 3 Kent. Com., 104; Byles on Bills, 114.
The distinction between a bill of exchange and a check, although in many respects similar, is that the former is not always or necessarily drawn upon actual funds in the hands of the drawee, but frequently drawn in anticipation of funds, or upon a previously arranged credit. Whereas the latter is drawn upon an existing fund and is an absolute transfer or appropriation to the use and control of the holder of so much money in the hands of the drawee. Morrison v. Bailey et al., 5 O. S., 18; Stewart v. Smith, 17 O. S., 82.
In the case of Davis, Gould, & Co. v. Ellen Adae, 4 Law Bull., 295, it is said that as between the drawer of the check and the holder, the deposit becomes, pro tanto, the property of the holder eo instanti; that it is not a contract like a bill or note, *8 but is universally regarded as money, and its delivery might be said to be a symbolical transfer of so much of the deposit, just as the delivery of a ware-house receipt is for the goods for which it calls. Byles on Bills, 13; 1 Disney, 246.
Richard M. Voorhes, in person, and E. T. Spangler, for plaintiff.
J. Q. Pomerene, and Nicholas & James, for defendant.
Payment by checks has almost entirely superseded, in commercial ci«ties, other modes of payment. They are taken and given in mutual confidence, with the distinct understanding that they not only represent cash, but practically are cash; therefore they pass by delivery through various hands, performing the purpose of as many payments as there are persons who receive them, or transactions in which they are used, and when by the usages of trade they are thus regarded, the liabilities of all the parties should be clearly defined, as well as strictly enforced. In this case the payee had the right to suppose that the drawer had that amount in the hands of the drawee, which he in fact did have, and on the strength of this he accepted the check in good faith in the due course of business, and for a valuable consideration, and as between these parties it was the intention that it should operate as an assignment of the fund in the drawee’s hands. The drawer set apart from this fund, for the use of the payee** the amount of the check at the time he delivered it to him, and as between him and the payee it became absolutely his, and the assignment of Stewart, before presentation and acceptance of the check, could not divest him of his right to so much of the fund as the check called for, and to hold otherwise would not only be inequitable, but would be contrary to what we think to be the weight of authority.
The judgment of the court of common pleas is therefore affirmed.
Follett and Jenner, J.J., concurred.