20    27
84   109

## Merchants National Bank

v

## Augustus W. Ritzinger et al.

1. Banks—Lien upon depositor's fund.—A bank has no such lien upon its depositor's fund, held by it on deposit, as to authorize it to apply such fund upon an indebtedness or liability of its depositor not yet due.

2. Checks—Holder may sue direct.—A check drawn by a depositor upon his bank operates to transfer the sum therein named to the payee, provided the depositor has on deposit a sufficient sum to pay the check at the time it is presented for payment. In such case the payee may sue for and recover the amount of the check in his own name, and an assignment of the check carries with it the legal title to the amount of money therein named to each successive holder.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed June 16, 1886.

This was an action of assumpsit, brought by Augustus W. and Frank L. Ritzinger, copartners under the firm name of Ritzinger & Co., against the Merchants National Bank of Chicago, upon a bill of exchange or check for $2,000, drawn upon the defendant by A. & J. S. C. Harrison, of Indianapolis, Indiana, payable to the order of William Haerle, and by him indorsed to the plaintiffs. Said bill of exchange or check bore date July 19, 1884, and was of the tenor following:

$2,000.   Two Thousand Dollars.                    Original.

STATE OF INDIANA.

BANKING HOUSE

OF

A. & J. C. S. HARRISON,

INDIANAPOLIS, July 15, 1884.

Pay this our first check (second unpaid) to the order of William Haerle, two thousand dollars.

To MERCHANTS NAT'L BANK, Chicago, Ill.

No. 130,263.                    A. &. J. C. S. HARRISON.

The evidence shows that said paper was presented to the defendant for payment by one of the plaintiffs and payment demanded on the 28th day of July, 1884, and that it was again presented to the defendant for payment on behalf of the plaintiffs by their attorney, on the 1st day of August, 1884, and that on both occasions payment was refused. A. & J. C. S. Harrison were bankers at Indianapolis, and it appears that for several years previous to the transactions in question, there was a reciprocal account kept between said banks, growing out of collections and remittances, said account being sometimes in favor of one bank and sometimes in favor of the other; and each seems to have been in the habit of drawing checks or drafts upon the other, if it saw fit to do so, whenever the balance was in its favor. At the date of the check sued on, said account showed but a small balance in favor of A. & J. C. S. Harrison, but on the following day it was increased to something over $1,900, and on the 22d day of the month it was further increased to $2,002.33. On the 18th day of July, 1884, A. & J. C. S. Harrison failed, and on the 26th day of that month the defendant charged their account with the full amount of said balance, and applied the same upon a note for $5,000 which the defendant bank then held against Wm. B. Dickson & Son, maturing August 3, 1884, upon which A. & J. C. S. Harrison were liable as indorsers.

Upon the trial before the court, a jury being waived, it was held that the defendant was liable for the amount of said check and interest, and judgment was thereupon entered in favor of the plaintiff for $2,170 and costs. The defendant brings the record to this court by appeal.

Messrs. FRANK J. SMITH & HELMER, for appellant; that the instrument in question is a foreign bill of exchange, and that being a foreign bill of exchange suit can not be maintained thereon by the holder until there has been an acceptance, cited Edwards on Bills and Promissory Notes, *161; Daniel on Negotiable Instruments, § 113; Downes v. Church, 13 Peters, 205; Morse on Banking, 526; Mandeville v. Welch, 5 Wheat. 286; Cowperthwaite v. Sheffield, 3 Comstock, 243.

Messrs. PECKHAM & BROWN, for appellees; cited Fourth National Bank of Chicago v. City Nat. Bk. of Grand Rapids, 68 Ill. 398; Com. Nat. Bk. of Chicago v. Proctor, 98 Ill. 558; Nat. Bk. of Am. v. Indiana Banking Co., 114 Ill. 483; Munn v. Burch, 25 Ill. 35; Brown v. Leckie, 43 Ill. 497; Chalmers' Digest or Law of Bills of Exchange, etc., Art. 254; 2 Daniel on Negotiable Instruments, 584.

BAILEY, P. J.  It is clear that the defendant had no such lien upon the funds of A. & J. C. S. Harrison, held by it on deposit, as authorized it to apply the same upon an indebtedness or liability of its depositors not yet due.  Such is the settled law of this State.  Fourth National Bank v. City National Bank, 68 Ill. 398; Commercial National Bank v. Proctor, 98 Id. 558; Bank of North America v. Indiana Banking Co., 114 Id. 483.  The attempt to apply the amount of said deposit to the payment of the Dickson note, which had not yet matured, must be regarded as wholly nugatory, and as in no way affecting the rights of the holder of A. & J. C. S. Harrison's check.  For all the purposes of this suit it must be held, that at the time the check in question was presented for payment, A. & J. C. S. Harrison had standing to their credit, on their account with the defendant, the sum of $2,002.33.

The rule in this State, established by a long line of decisions, is, that when a depositor draws his check on his banker, such check operates to transfer the sum therein named to the payee, provided the depositor has on deposit a sufficient sum to pay the check at the time it is presented for payment.  In such case the payee may sue for and recover the amount of the check from the bank in his own name, and an assignment of the check carries with it the legal title to the amount of money therein named, to each successive holder.  Munn v. Burch, 25 Ill. 35; Brown v. Leckie, 43 Id. 497; Union National Bank v. Oceana Bank, 80 Id. 212; Bickford v. National Bank of Chicago, 42 Id. 238; Bank of America v. Indiana Banking Co., 114 Id. 483.  We are able to see no circum-

stances in this case which take it out of this rule. We are of the opinion that the court decided correctly in sustaining the plaintiff's right to recover the amount of the check and • interest.

The judgment will be affirmed.

Judgment affirmed.