# Fort Dearborn National Bank
## v.
## Isaac Blumenzweig.

*Banks—Assignments.*

1. A bank may apply the balance of a depositor on a debt due it from him, maturing upon a day stated, and such application is valid, although he previously gave his check to a third person, the same not being presented until thereafter.

2. Where such depositor makes an assignment after the giving of such check, but before its presentation and before such application, the outstanding, unpresented check does not take precedence of the assignment as a claim upon the fund.

3. Where money remains in a bank after an assignment, an outstanding, unpresented check being in existence, such bank may apply the same upon an indebtedness due it, maturing upon a day stated.

4. A bank can not refuse to honor a check, for the reason that upon a subsequent day, a debt due it from the maker will mature.

[Opinion filed October 28, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. Flower, Smith & Musgrave, for appellant.

Messrs. W. S. Forrest and M. Rosenthal, for appellee.

MR. JUSTICE GARY.  The question here presented may be of great importance, though only a small sum is now involved.

The National Forge & Iron Company kept an account with the appellant and had on deposit $317.  On the fourth day of August, 1891, the company gave to the appellee a check on the bank for $76.18, which he did not present until the tenth.  On the eighth the company made a general assignment for the benefit of its creditors.  On the tenth a note of $5,000, of the company to the bank, became due, and the bank on the morning of that day, before the check was presented, applied the $317 toward the payment of the note. Later in the day the appellee presented his check.  It is not denied that if the company had made no assignment, the application by the bank of the money on deposit to its own debt from the company, would have been valid against the appellee, and such is the law.  Myers v. Union N. Bk., 27 Ill. App. 254.

But it is contended that the outstanding, unpresented check had precedence of the assignment as a claim upon the fund; that the assignment on the eighth had precedence of a debt to the bank due on the tenth, and thus in this three-cornered controversy, the appellee, who could not beat the bank directly, can do so through the assignee, whom he could beat and who could beat the bank.

Without an assignment, the company, before its debt to the bank was due, could withdraw the money.  With an assignment the assignee could do the same.  Had the bank refused on the eighth or ninth to pay a check of the company (if it had not assigned) or of the assignee (it having assigned) drawn, not to a third person, but for currency to the drawer, and a suit had been forthwith commenced because of such refusal, the bank could not have pleaded a set-off becoming due after suit commenced.  But to a suit commenced by either after the tenth, the bank had a complete defense.

The money having in fact remained untouched in the bank until the tenth, the bank had then the same rights

against the assignee as it would have had against the company if no assignment had been made.

As between the parties to this suit we hold that the assignment is an immaterial circumstance. The judgment is reversed.

*Judgment reversed.*

NOTE.—Final judgment is entered here in favor of the appellant upon a finding of the facts by this court.