## Marcus Sachs, Complainant, v. Simon Sachs et al., Defendants.

## Henry D. Raff, Appellee, v. The West Side Trust and Savings Bank, Appellant.

## Gen. No. 18,437.

1. BANKS—*relation with depositor.* The relation between a bank and its depositor is one of debtor and creditor and as a general rule a bank may deduct from the depositor's account a debt due from him.

2. RECEIVERS—*when not entitled to bank deposit.* Where in an action between partners it is decreed that defendant pay complainant $1,500 and in case of default that a receiver should take possession of the partnership assets including its bank deposits, a bank which has appropriated a deposit in payment of a note which it held against defendant will not be required on petition to pay the receiver the amount thereof.

3. RECEIVERS—*collection of assets.* Where a receiver files a petition for an order requiring a bank, not a party to the receivership proceeding, to turn over a deposit alleged to belong to defendant, the petition not containing any averment of jurisdiction of the court over respondent should be dismissed.

4. RECEIVERS—*where bank is not a party to the proceedings.* Where a decree is entered in receivership proceedings that the receiver take possession of defendant's bank deposits, the receiver is obliged to resort to a separate action to determine his right to a deposit where the bank, which was not a party to the receivership proceedings, claims the right to appropriate the deposit in payment of a note.

5. EVIDENCE—*judicial notice.* Where a receiver files a petition for an order requiring a bank, not a party to the receivership proceeding, to turn over a deposit alleged to belong to defendant, the court cannot take judicial notice of the records in the receivership proceeding since respondent is a stranger to it.

6. EVIDENCE—*where recital in decree does not prove appointment of receiver.* Where a receiver files a petition for an order requiring a bank, not a party to the receivership proceeding, to turn over a deposit alleged to belong to defendant, a recital in the decree referring to petitioner as receiver of the partnership property is not legal proof of his appointment.

Appeal from the Circuit Court of Cook county; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at

the March term, 1912.  Reversed and remanded with directions.  Opinion filed June 3, 1913.

McEwen, Weissenbach, Shrimski and Meloan, for appellant; Jerome J. Cermak, of counsel.

Silber, Isaacs, Silber & Woley, for appellee; Frederick D. Silber, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

This is an appeal from an order requiring the West Side Trust & Savings Bank, respondent to the so-called intervening petition of Henry D. Raff, receiver, to pay him the sum of $507.67, which it had charged against a deposit account therein of S. Sachs & Co., a corporation, one of the defendants to the chancery suit in which said petition was filed and to which respondent was not a party.

A final decree had been entered in said suit about a year before the filing of said petition, finding that another defendant, Simon Sachs, was a copartner of Marcus Sachs, complainant, and requiring him to pay the latter $1,500, and in case of his default, directing said Raff, as receiver of the partnership property, to take possession of certain property held in the name of said corporation, declared to be partnership assets, including its bank deposits.

The petition set up in substance that Raff was the "duly qualified and acting receiver of the assets of Simon Sachs and of S. Sachs & Co., a corporation," and was administering the same under said final decree; that he served a copy of said decree upon said bank April 12, 1911, and that thereafter, April 17th, it appropriated a portion of the deposit account of S. Sachs & Co., as aforesaid, and asked for a rule on said bank to answer the same and that the issues presented be heard and determined by the court.  Re-

spondent appeared and moved to dismiss the proceeding for want of jurisdiction. The motion was overruled.

Respondent then filed its answer in which it neither admitted nor denied that Raff was the duly authorized and acting receiver of Simon Sachs or of said S. Sachs & Co., but demanded strict proof thereof. It also set up facts on which it claimed it was entitled to the sum in dispute, and that the court had no jurisdiction in the matter. The facts alleged were that on January 15, 1911 (more than two months after said decree, or any appointment of a receiver), S. Sachs & Co. discounted with it the note of one Seltzer for $500, due ninety days thereafter with interest at six per cent.; that on April 17th demand for payment was duly made on S. Sachs & Co. and Simon Sachs as endorser, and refused; that due notice of dishonor of said note was given them and that the sum aforesaid, being the amount of the principal and interest of said note, was, on account of the liability thereon of said S. Sachs & Co., appropriated by the bank as aforesaid, which it claimed the lawful right to do.

The court proceeded to hear evidence, consisting mainly of the decree in said suit and proof of service thereof on part of the petitioner, and the facts of the discounting of said note and charging the sum due as aforesaid on the part of respondent.

The record discloses no question of fraud, nor any circumstances or evidence tending to show any relation of agency or of a fiduciary character on the part of the bank toward either the corporation or the copartnership. Its relation to the copartnership was the simple one of debtor and creditor that exists between a bank and a depositor, and, as a general rule, a bank may deduct from the depositor's account a debt due from him. Morse on Banks and Banking (3d Ed.), secs. 324, 328; *Fort Dearborn Nat. Bank v. Blumenzweig,* 46 Ill. App. 297. It plainly appears that the corpora-

tion was liable to the bank for the amount due on the note in question when it was deducted from the account. If the deduction was wrongfully made, the corporation itself had no remedy except by an appropriate action to recover a debt, and the receiver, asserting a claim thereto, would be obliged to resort to a separate action, as the bank claimed title to the fund and was not a party to the receivership proceedings. High on Receivers (4th Ed.), sec. 145; 34 Cyc. p. 213.

The petition, therefore, should have been dismissed not only for the reason that it lacked any averment of jurisdiction of the court over the respondent, it not showing either that the bank was party to the decree, or that the account in question was adjudicated therein, or that the bank was in possession of any property of the copartnership as agent or otherwise, but because respondent's answer disclosed that the petition related to a fund to which one not a party to the original proceeding, nor alleged to be the agent of one, was asserting an adverse claim which the court had no power to try in such summary fashion.

Even the decree itself offered in evidence in support of said petition contains no finding that such account, or that which entered into it, consisted of partnership property or had in any way been brought within the jurisdiction of the court. To be sure, it directed Raff, as the receiver of said partnership property of Marcus and Simon Sachs, on the failure of the latter to pay the former $1,500, to take possession of certain property enumerated as partnership property, including "all moneys deposited in bank by said corporation, S. Sachs & Co.," but the account in question was not specified, even if it was in existence.

The theory of the proceeding was that the court acquired jurisdiction of the respondent merely by a demand of the receiver for the fund accompanied by a notice of the decree. But the bank was not bound by said decree. Its rights had not been adjudicated there-

in, and neither its claim nor that of the receiver against it could be adjudicated upon a rule entered in a cause to which the bank was a stranger.

Even if, as claimed by petitioner, the matter of jurisdiction was waived, the allegation of the petition as to the receivership, of which strict proof was required by respondent's answer, was not proved. No order of Raff's appointment as receiver was introduced. The only evidence relating thereto was his testimony to the effect that he was "the receiver in this case," but of whom or what was not shown. This proceeding not being properly a part of said case, nor against a party to it, the court could not take judicial notice of the record thereof as against a stranger to it. Only the final decree of the record of said case was introduced in evidence, but a recital therein, referring to Raff as receiver of the partnership property, was not legal proof of his appointment, and in no event tended to show that he was receiver of said Simon Sachs or of said corporation as claimed in the petition.

The order appealed from will be reversed with directions to dismiss the petition.

*Reversed and remanded with directions.*