William F. Obergfell, Appellee, v. Ford M. Booth, Defendant. Central Trust Company of Illinois, Garnishee, Appellant.

### Gen. No. 25,081.

1. GARNISHMENT, § 63*—*what is extent of garnishee's rights.* A garnishee has a right to all demands and set-offs as against the judgment creditor that it would have against the judgment debtor, as the garnisher's rights are not fixed by the serving of the summons but are subject to the adjustment of the mutual demands between the garnishee and the debtor.

2. GARNISHMENT, § 105*—*what judgment may be entered.* Under J. & A. ¶ 5948, permitting a garnishee to deduct from the debtor's effects in his hands demands which he holds against the debtor, and J. & A. ¶ 5959, giving the court power in garnishment proceedings to make an equitable adjustment in its orders as to the debtor's property held by the garnishee, where a garnishee who has a deposit of the debtor also holds a note of such debtor, secured by collateral, which provides that the debtor's deposit in its hands may be applied thereon, the court may, under its equitable powers, require the garnishee to pay the deposit to the attaching creditor if the collateral is sufficient to pay the note, or may require that the collateral be sold, the garnishee paid and, if the proceeds are sufficient, the garnisher's debt paid and any balance remaining returned to the debtor.

3. GARNISHMENT, § 63*—*when garnishee loses right to apply deposit.* A bank to which is executed a promissory note by a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

depositor, secured by collateral, authorizing the bank at any time at which it may have on deposit funds of such depositor to apply them to the payment of said note, loses, as against a garnisheeing creditor of such depositor, the right to apply the deposit where it renews the note, retaining the collateral, after the service upon it of the garnishee summons and the filing of its answer.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 7, 1920.

WINSTON, STRAWN & SHAW, for appellant; T. J. SHAUGHNESSY, of counsel.

WALTER J. MILLER and WALTER L. WENGER, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal by the garnishee from a judgment for $335.93 recovered by the plaintiff. The garnishee was summoned in an attachment suit begun on November 4, 1918, against Booth.. The attachment writ was returnable November 14. On the latter date the cause was continued to December 30, for service on Booth by publication, as he was shown to be a nonresident. In the meantime the garnishee summons was served and the garnishee filed an answer on November 12, in which an indebtedness in the sum of $335.93 on the part of the garnishee to Booth was admitted. On December 30, the garnishee obtained leave to file an amended answer, which was duly filed on January 9, 1919. In its amended answer, the garnishee alleged that at and prior to the service of the writ of attachment upon the garnishee, Booth became indebted to the garnishee in the sum of $1,000 and that it was agreed between the garnishee and Booth that the garnishee, Central Trust Company, might at any time apply any moneys which it might have on

deposit for the said Booth toward the payment of said indebtedness whether due or not; and that "at the time of the service of the said attachment writ" upon the garnishee there was $335.93 in Booth's checking account, "and that thereafter" the garnishee pursuant to the authorization referred to "applied the said sum of $335.93 of the said account upon the said indebtedness of the said Booth," and that the balance of the said indebtedness still remains owing and unpaid to the garnishee. This amended answer further set forth that the garnishee bank held 3,000 shares of the capital stock of the Liberty Silver Company, of the par value of $1.per share, as collateral to said indebtedness which Booth had authorized it to sell at any time at public or private sale, and apply the proceeds thereof to the said indebtedness.

It was stipulated by the parties that on October 23, 1918, Booth executed a promissory note in the sum of $1,000, to the order of Central Trust Company, payable in 30 days, which note became due November 22, 1918, and that said note contained the provisions referred to by the garnishee in its amended answer. It was further stipulated that on November 22, 1918, Booth, "executed a renewal note" in the sum of $1,000, payable in 90 days, and that the terms of this note were in other respects the same as those of the original note.

The garnishee has a right to all demands and set-offs, as against the judgment creditor, that it would have against the judgment debtor. As was said in *Bank of Commerce v. Franklin,* 90 Ill. App. 91: "The rights of a garnishor are not fixed by the serving of a garnishment summons. They are subject to the adjustment of the mutual demands between the garnishee and the judgment debtor."

Our statute on garnishment (J. & A. ¶ 5948) says: "Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his

hands, all demands against the plaintiff, and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not * * * and he shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted * * *.'' By the terms of the notes given by Booth to the Central Trust Company, the latter was expressly authorized to apply any sum it might have to his credit towards the payment of the note ''at any time, at its discretion,'' whether the note was then ''due or not.'' Our Garnishment Act further provides (J. & A. ¶ 5959) that in such proceedings as this the court may make all orders in regard to ''any goods, chattels, choses in action or effects'' in the hands of the garnishee or under his control, belonging to the defendant, ''which may be necessary or equitable between the parties,'' and it has been held that a garnishment proceeding is one in which the court has equitable powers. *Elzy v. Morrison,* 180 Ill. App. 711. Under its equitable powers the court might, if it appeared that the garnishee had in its possession collateral sufficient to make it whole on its debt, require it to pay over the money on deposit to the attaching creditor, or it might require that the collateral be sold, the garnishee paid, and then the garnisher's debt paid, if sufficient remained for that purpose, and if anything then remained that it be paid over to the judgment debtor. However, this point has not been raised by the appellee and it is not before us.

So far as the amount which the judgment debtor had on deposit and to his credit in the garnishee bank at the time the latter was served with the garnishee summons is concerned, we are of the opinion that such right as the garnishee may have had, to apply it towards the payment of the note it held, was lost when the garnishee took the renewal note of November 22,

even though we do not consider the taking of that note as a payment of the debt. Although the taking of the renewal note did not extinguish the debt, it did have the effect of materially altering the relation of the parties involved. While the garnishee, under the provisions of the statute, has the right, upon being notified of garnishment proceedings, to adjust any demands it may have against the judgment debtor, it cannot enter into any new agreements with the debtor involving money or property which it holds to secure the debt, which agreements may operate to the detriment of the attaching creditor. Although the new note taken by the garnishee in the case at bar was a "renewal note," extending the time of payment of the indebtedness 90 days, and in other respects similar in terms to the original note, the taking of the renewal note was the consummation of a new arrangement between the garnishee and the judgment debtor, the effect of which, in our opinion, was such as to require us to affirm the judgment of the trial court. If, instead of taking the renewal note, the garnishee, having been served with process in this case and filed its answer, had declined to enter into any new arrangement with the judgment debtor but had demanded payment of the note, it might have been paid. Or, if not, the bank could have sold the collateral in its possession, the value of which was then $1,500, as we may assume from the fact that the renewal note, then taken by the garnishee, so states. In either event the indebtedness would have been paid and thereafter the amount of the deposit of the judgment debtor with the garnishee no longer subject to be used in connection with it.

Inasmuch as the garnishee chose to enter into this new arrangement with the judgment debtor, after it had been served with process in this case and had filed its answer as above set forth and had thus postponed its use or right to use the collateral in bringing about

the payment of the indebtedness, and continued to hold such collateral, we are of the opinion that the trial court did not err in entering judgment against the garnishee for the amount of the deposit,' and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE TAYLOR and MR. JUSTICE O'CONNOR concur.