Albert Levinson et al. for use of Morris Fleisher, Appellees, v. Home Bank and Trust Company, Appellant.

Gen. No. 33,042.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed February 11, 1929.

CHENEY & PETERSON, for appellant; ALBERT PETERSON, of counsel.

AARON SOBLE, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appellant bank was summoned as garnishee in the trial court in proceedings brought for the use of Morris Fleisher upon a judgment obtained by him against Albert Levinson, Samuel Stein and Abraham Levinson. The garnishee bank answered there was nothing due, and this answer was contested.

Upon the trial it was made to appear that at the time of the service of the summons, namely, March 10, 1928, the garnishee had on deposit to the credit of Samuel Stein in a checking account the sum of $448.77.

Raymond A. Graff, chief clerk of the defendant bank, testified to the foregoing facts as a witness for plaintiff, and in response to a question asked on cross-examination stated that he had a record of an indebtedness of Samuel Stein to the garnishee. The garnishor objected to this evidence as incompetent unless it was shown that the indebtedness, if any, between the parties was in force prior to the service of the garnishment. The attorney for the garnishee then stated that he wished to show there was an indebtedness to the bank on that date, and the court ruled that he might so show, whereupon the attorney for the garnishee further stated that he wished to show by the witness that the bank had a note of Samuel Stein and that he (Stein) was indebted to the bank at the time of the service of the garnishment summons in excess of the amount of his account. The court inquired whether he meant that it was due on that day, to which the attorney replied, "No, it was due some time after that and charged off," whereupon the objection was sustained. The attorney for the garnishee then stated, "I want to show by this witness that on February 20, 1928, and up to and including March 10, 1928, Samuel

Stein was indebted to the Home Bank and Trust Company, on his note, in the sum of $500; and that on March 10, 1928, there was charged off on this deposit account, to the credit of that note, the sum of $448.77, and that left an indebtedness due to the bank at that time, in the sum of $51.23.'' An objection to this evidence was sustained by the court, and judgment was thereupon entered against the garnishee for $448.77.

The question to be determined is whether a garnishee bank which holds a note of a depositor to become due at a later date may, in the absence of any provision of the note giving it authority so to do, apply the account of the depositor to the payment of the unmatured note after the service of summons in garnishment. The question requires a construction of section 13 of the Garnishment Act (Cahill's St. ch. 62, ¶ 13; Smith-Hurd's Ill. Rev. St. 1927, ch. 62, p. 1498).

That section in substance provides that every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not and whether by way of set-off on a trial, or by the set-off of judgments or executions between himself and the plaintiff and defendant severally, and that the garnishee shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries. This section of the statute seems to have been in force in this State since March 9, 1872.

In *Elzy v. Morrison*, 180 Ill. App. 711, the Appellate Court for the third district held that a garnishee bank which held a note against the judgment debtor that was not yet due might not set the same off as against the judgment debtor, putting its decision upon the ground

that numerous cases decided by the Supreme Court held that a bank could not withhold payment of a fund on deposit with it or refuse payment of a check drawn upon a fund deposited with it by the depositor on the ground that it held a note which would mature at some future date, and for the payment of which it sought to hold the deposit. It was said in substance that a garnishment summons was the same as a demand upon the bank for payment, and if the depositor would be entitled to a check on that account it followed that a bank could not retain money on deposit to the credit of a judgment debtor in answer to a garnishee summons to be applied on a note not yet due which it held, made and delivered by the judgment debtor. In support of that proposition the opinion cites *Commercial Nat. Bank v. Proctor,* 98 Ill. 558; *Fourth Nat. Bank v. City Nat. Bank,* 68 Ill. 398; *Fort Dearborn Nat. Bank v. Blumenzweig,* 46 Ill. App. 297; *Merchants Nat. Bank v. Ritzinger,* 20 Ill. App. 27. Without analyzing those cases in detail, it will be sufficient to say that an examination discloses that each and all of them sustain the general proposition that a bank may not refuse to pay a check of a depositor on account of an obligation not yet due, but no one of the cases cited in that opinion was in the nature of garnishment proceedings, nor is any reference made in the opinion to section 13 of the Garnishment Act, Cahill's St. ch. 62, ¶ 13.

In *Obergfell v. Booth,* 218 Ill. App. 492, the garnishee set up as a defense that the judgment debtor had agreed with the garnishee, Central Trust Company, that the company might at any time apply any moneys which it had on deposit for the judgment debtor toward the payment of his indebtedness, *whether due or not,* and that upon the service of the writ the sum of $335.93 was in the judgment debtor's checking account; that thereafter the garnishee, pursuant to the authorization, applied that sum upon the indebtedness of the

judgment debtor, leaving a balance due from the debtor to the garnishee. The answer disclosed that the garnishee held certain stock of the judgment debtor as collateral on his indebtedness with authority to sell the same at any time and apply the proceeds thereof to his indebtedness. It appeared that after the service and pending the suit, the judgment debtor executed a renewal note, the terms of which were the same in material respects as those of the original note. The court held with reference to the deposit of the judgment debtor, the right which "the garnishee may have had, to apply it towards the payment of the note it held, was lost when the garnishee took the renewal note of November 22, even though we do not consider the taking of that note as a payment of the debt."

In *Paisley v. Park Fireproof Storage Co.,* 222 Ill. App. 96, it appeared that the judgment debtor was employed by the garnishee at the time of the service of the writ, and the garnishee set up that the debtor was a wage earner and head of a family, and further that it was not indebted in any sum whatever. The answer was contested, and it was made to appear that the judgment debtor held a clerical position as an estimator; that at the time of the service of the garnishment summons he was indebted to the company upon a demand note in the sum of $300, which was given for money advanced, and that the garnishee paid to the judgment debtor, its employee, after the service of the garnishment summons, his weekly salary of $41. The court held that upon the service of process the garnishee had the right to adjust the account between itself and the judgment debtor and apply the amount due for salary on his note, citing *Obergfell v. Booth, supra,* but that as it did not see fit to do so and paid out money after the service of the garnishment process, in so doing the garnishee admitted an indebtedness to that amount.

It will be observed that these cases are clearly distinguishable from the facts of the instant case: The one, in that the garnishee, after the service of the summons, elected to adjust its account with the judgment debtor as it might have done under the authority granted by the note; and the second, in that the indebtedness of the judgment debtor to the garnishee was represented by a note due upon demand which was declared due as of right upon the service of the writ. In the present case, it is uncontradicted upon the record that the note representing the indebtedness of the judgment debtor to the garnishee was not yet due, and there is no proof tending to show authority to the garnishee to declare the same due prior to the date of its maturity according to its tenor and terms. On the date of the service of summons, therefore, the garnishee in this case could not "have availed himself" of this demand against the judgment debtor. The demand was not due by its terms, and the garnishee had no power to declare the same due so that it could avail itself of this demand by way of set-off. We are therefore constrained to hold that the garnishee is liable for the amount for which judgment was entered.

The garnishor also contends that the claim now made is inconsistent with the written answer that was filed, but in view of our construction of the statute it is unnecessary to consider that contention.

For the reasons indicated, the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.