(No. 40216.—

THE PEOPLE *ex rel.* Joseph S. Gerber, Director of Insurance, Appellee, *vs.* CENTRAL CASUALTY COMPANY.— (THE EXCHANGE NATIONAL BANK OF CHICAGO, Appellant.)

*Opinion filed May 18, 1967.*

KLUCZYNSKI and WARD, JJ., took no part.

BROWN, DASHOW & LANGELUTTIG, of Chicago, (JACK JOSEPH and PETER R. MONAHAN, of counsel,) for appellant.

L. LOUIS KARTON, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The issue in this case concerns the propriety of the exercise of summary jurisdiction by a court in which an insurance company is being liquidated pursuant to article XIII of the Insurance Code. (Ill. Rev. Stat. 1961, chap. 73, pars. 799-833.) The Director of Insurance of the State of Illinois, as liquidator of Central Casualty Company, an Illinois insurance company, filed a petition in the liquidation proceeding, seeking a judgment in the sum of $28,-920.12 against The Exchange National Bank of Chicago. The Bank challenged the jurisdiction of the court and demanded a trial by jury. The cause was referred to a master in chancery, and after hearings before the master, a judgment was entered in the amount requested, together with master's fees and costs, in favor of the Director and against the Bank. The Bank has appealed directly to this court, urging questions arising under the State and Federal constitutions.

In April, 1960, Charles W. Bray and his wife borrowed $200,000 from the Bank in order to purchase common stock of Central Casualty Company. Bray was president of the Central Casualty Company at that time. The Bank, as a condition for making the loan, required collateral which included two surety bonds guaranteeing its payment. One bond, in the sum of $100,000 was executed by United Benefit Fire Insurance Company, and the other, also in the amount of $100,000, was executed by Central Casualty Company (hereafter Central). The proceeds of the loan were credited to Central's account at the Bank. At the end of 1960 the Brays ceased making payments on their loan, and on January 7, 1962, the Bank demanded the unpaid balance of the loan ($37,691.60) from the Brays and from Central as surety. At that time, Central had $28,920.12 on deposit with the Bank.

On February 1, 1962, the Director of Insurance of the

State of Illinois was ordered by the circuit court of Cook County to take possession of the property and affairs of Central. On March 1, 1962, an order of liquidation was entered. On March 15, 1962, the Bank made bookkeeping entries applying the sum of $23,981.90 and $36.93 in the casualty company's bank account to the unpaid balance on the Bray loan. Subsequently $4,901.29 was also applied. On March 15, the attorney for the Director of Insurance wrote to the Bank complaining of the Bank's action and on June 12, 1962, the Director filed his petition against the Bank in the liquidation proceeding. On September 29, 1962, the Bank filed a motion to dismiss for want of jurisdiction, which was denied, as was its demand for a jury trial.

The Bank contends that its liability to the Director should not have been determined in Central's liquidation proceeding, that no statute authorizes such a summary proceeding, and that it was entitled to a jury trial, which it demanded, on the question of its liability to the Director.

The Director offers a number of grounds to support the liquidation court's summary jurisdiction over the claim against the Bank. He urges that a court "which is given jurisdiction to supervise the liquidation of Insurance Companies has the power to do everything necessary to bring about the liquidation." He also urges that the Bank's appropriation of Central's deposits was a preferential and voidable transfer and that summary jurisdiction to recover assets so transferred is to be implied from the fact that section 204 of the Insurance Code states that "The Director * * * may avoid any transfer of or lien upon the property of a company which any creditor, stockholder or member of such company might have avoided and may recover the property so transferred or its value from the person to whom it was transferred * * *." (Ill. Rev. Stat. 1963, chap. 73, par. 816.) Section 189 of the Insurance Code (Ill. Rev. Stat. 1963, chap. 73, par. 801), which authorizes injunctions in aid of the Director's actions, is also advanced

in support of the liquidation court's summary jurisdiction.

Cases interpreting the Insurance Code cannot be said to support the argument that the court's jurisdiction to supervise liquidations implies the power to exercise summary jurisdiction in the present case. In *People ex rel. Lowe v. Marquette National Fire Ins. Co.,* (1933) 351 Ill. 516, the court held that the liquidator of an insurance company could employ counsel and pay him out of the assets of the company. The conclusion was based upon the fact that "The liquidator must close up the business and must use legal services in so doing. The necessities of the case demand it." (351 Ill. at 535.) There is no similar necessity requiring that the liquidation court assert summary jurisdiction over the claim in the present case, for such claims can be adjudicated in plenary proceedings.

Upon the assumption that the Bank's appropriation of deposits constituted a voidable preference, the Director argues that because section 204 specifically authorizes him to void certain preferences, he may do so within the liquidation proceedings. A similar argument was made ·and rejected in *Taubel-Scott-Kitzmiller Co.* v. *Fox,* (1924) 264 U.S. 426, 435, 68 L. Ed. 770, a case arising under the Federal bankruptcy law. There the trustee in bankruptcy sought to have a lien upon the debtor's property declared void in a summary proceeding in the bankruptcy court. The property was held adversely by the sheriff after a creditor had levied upon it. The Supreme Court stated: "The argument is that, since the bankruptcy court is expressly empowered to order that a lien, void as against the trustee, shall be preserved for the benefit of the estate, it was given, by implication, jurisdiction to determine whether the lien is void. The argument proceeds upon a misapprehension of the nature and purpose of the clause in question. It does not confer jurisdiction. It confers substantive and adjective rights." The court held that a plenary proceeding was required to adjudicate the trustee's claim against the sheriff.

Section 204 states that the Director may avoid certain transfers and recover the property involved, but it does not authorize him to do so in a summary proceeding.

The Director also argues that section 189 of the Insurance Code, which authorizes injunctions in aid of the Director's actions, supports the exercise of summary jurisdiction in this case. Section 189 states: "The court shall have jurisdiction, upon, or at any time after the filing of the complaint to issue an injunction restraining such company and its officers, agents, directors, employees and all other persons from transacting any company business or disposing of its property until the further order of the court. The court may issue such other injunctions or enter such other orders as may be deemed necessary to prevent interference with the proceedings, or with the Director's possession and control or title, rights or interests as herein provided or to prevent interference with the conduct of the business by the Director, and may issue such other injunctions or enter such other orders as may be deemed necessary to prevent waste of assets or the obtaining of preferences, judgments, attachments or other like liens or the making of any levy against such company or its property and assets while in the possession and control of the Director. * * *" Ill. Rev. Stat. 1963, chap. 73, par. 801.

The first sentence authorizes the liquidation court to prevent interference with the company's business or property, but does not speak about adjudicating claims to property. The second sentence refers, *inter alia,* to orders or injunctions "* * * to prevent * * * the obtaining of preferences * * * against such company or its property and assets while in the possession and control of the Director." The bar association committee which prepared the revision of the Insurance Code has stated that "the power to issue injunctions under the second sentence of this section is in terms confined to the period while the assets are in the possession and control of the Director." (Illinois In-

surance Code, Annotated, (1939) 345) The committee also explained that the section "codifies the usual powers of a court of equity to protect its receiver's jurisdiction by ancillary injunction." *Id.* at 344.

But a court of equity could not summarily adjudicate its receiver's claims against persons who held property under a reasonable and adverse claim. In *Sachs v. Sachs,* (1913) 181 Ill. App. 342, a receiver attempted to bring a summary action to obtain the bank deposits of a company in receivership. The deposits had been appropriated by the Bank, after the appointment of the receiver, when the company in receivership had refused to make payment as endorser on a note. The appellate court held: "If the [bank deposit] deduction was wrongfully made, the corporation itself had no remedy except by an appropriate action to recover a debt, and the receiver, asserting a claim thereto, would be obliged to resort to a separate action, as the bank claimed title to the fund and was not a party to the receivership proceedings." (181 Ill. App. at 345.) The jurisdiction of an equity court in a receivership proceeding was generally regarded as thus limited. (See Miner, Summary Proceedings in Court Receiverships, 12 Chi.-Kent Rev. (1934) 233, 251.) Both the language of section 189 and the jurisdiction of equity receivership courts indicate that summary jurisdiction is not authorized in the present case.

The summary jurisdiction of a liquidation court under the Insurance Code is similar to the summary jurisdiction of a Federal bankruptcy court. Although there are differences in the statutes, it is significant that plenary proceedings are required to obtain assets when the Federal bankruptcy court does not have actual or constructive possession of the assets involved (see *Katchen v. Landy,* (1966) 382 U.S. 323, 327, 15 L. Ed. 2d 391; *Taubel-Scott-Kitzmiller Co. v. Fox,* (1924) 264 U.S. 426, 433-34), and they are held adversely under a substantial claim. (See *Cline v. Kaplan,* (1944) 323 U.S. 97, 99, 89 L. Ed. 97; *Harrison v.*

*Chamberlin,* (1926) 271 U.S. 191, 195, 70 L. Ed. 897.) Summary proceedings have been allowed in some cases, and the objection that summary determination of the existence of a voidable preference violates the right to jury trial has been rejected by the Supreme Court when the holder of the preference presented a claim against the debtor in the bankruptcy proceeding. (*Katchen* v. *Landy,* (1966) 382 U.S. 323.) But in that case the court emphasized that section 57g of the Bankruptcy Act (11 U.S.C. § 93g) forbids the allowance of a claim when the creditor has " 'received or acquired preferences * * * void or voidable * * *' " and that therefore "Unavoidably and by the very terms of the Act, when a bankruptcy trustee presents a § 57g objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated." (382 U.S. at 330.) The court thus found a need for summarily determining whether a preference existed, but apparently recognized the continuing validity of cases stating that the holder of the preference was "entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, * * *." (*Id.* at 336) We find nothing in the Insurance Code which would require a different conclusion, nor has the Bank in this case asserted a claim against Central in the liquidation proceedings.

Federal courts in bankruptcy cases have defined claims as substantial, as opposed to insubstantial or "colorable," "when the claimant's contention 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy,' * * * in matters either of fact or law; and is not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either of fact or law, as to be plainly without color of merit, and a mere pretense." (*Harrison* v. *Chamberlin,* (1926) 271 U.S. 191, 195.) It is only colorable, insubstantial claims that may be summarily resolved,

and we cannot so characterize the Bank's claim. The judgment of the circuit court of Cook County must be reversed and the cause remanded, with directions to dismiss the Director's petition against the Bank.

*Reversed and remanded, with directions.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.