ABRAHAM WILCUS *et al.*

*v.*

J. B. KLING, for use, etc.

1. GARNISHMENT—*money due after service of writ.* Under garnishee process may be recovered money due or owing to the defendant in the judgment at the time of its service, or which may thereafter become due.

2. SAME—*admission of money due by paying after service.* Although a person may not be liable to be sued for money due from him for labor and materials used in the erection of a building, at the time he is garnisheed, for want of an architect's certificate, yet it does not follow he owes nothing, and if he pays out money on orders drawn on him by the workman after service on him, this will be an admission that he owed the same, and from which a recovery may be had against him by the garnisheeing creditor.

3. CONTRACT—*penalty for delay in work.* Although a building contract may provide for a penalty of $20 per day for every day's delay in completing a house, still, in the absence of proof that the owner is damaged by the delay, nominal damages only can be recovered.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. SHOREY & SHAFFNER, for the appellants.

Messrs. AVERY & COMSTOCK, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Cook county, upon a judgment rendered therein on an appeal from a justice of the peace. The action was brought by J. B. Kling, plaintiff, suing for the use of Henry Koeritz, and against Abraham Wilcus and Levi Vinsburg, defendants, resulting in a judgment for plaintiff. On appeal by the defendants to the circuit court, there was a trial by the court without a jury, and a finding and judgment for the plaintiff for one hundred and ninety-five dollars and thirty cents, which the court refused to set aside on defendants' motion, and they appeal to this court.

It appears from the record, that Henry Koeritz, in an action against Kling before a justice of the peace, had obtained a judgment against him for one hundred and ninety-five dollars and thirty cents, to which proceedings appellants were summoned as garnishees, and a judgment rendered against them for that amount, as debtors of Kling. In the circuit court appellants made answer, and stated that process of garnishment was served on them October 26, 1874, and at the time of the service Kling was indebted to them, and has been ever since, in the sum of two thousand dollars, or thereabouts; that the buildings were completed about five months after the date stipulated in the contract, and that at the time of completion Kling owed them between three and four thousand dollars over the contract price, and that since the service of process no certificates were given to Kling by the architect. On their cross-examination they testified, that, subsequent to the service of the garnishee process, Kling drew orders on them for about two thousand dollars, for material and labor furnished for the buildings previous to the service of process, which orders were paid, and that they were never served with any mechanic's lien notices by any of the parties so paid.

To understand this testimony, it must be stated, that on August 28, 1874, appellants had entered into a written con-

tract with Kling to build for them two stores, on two lots, on Fourth avenue, in Chicago, in consideration of six thousand four hundred and fifty dollars, according to certain plans and specifications to be furnished by architect Froyer, who was to superintend the construction, make daily measurements of the work, and value the work and material furnished on the ground, and issue certificates stating the amount the contractor was entitled to receive on account of the contract, to date— appellants to pay contractor on these certificates from time to time, until the completion of the buildings, reserving twenty per centum of the contract amount until the final completion of the buildings, as security against any claims of workmen or materials furnished, and on final completion of buildings, and when the contractor exhibits settlement of all bills, the architect is to issue a final certificate for the balance of the twenty per centum, stating the buildings are completed to his satisfaction, and according to the plans and specifications. Appellants reserved the right of making alterations or additions, the architect to determine the value thereof, and deduct or add, as the case might be, the amount from the contract price—the decision of the architect to be final, and the whole job to be completed by November 1, 1874, subject to a penalty of twenty dollars per day for each day the works are delayed, the sum so forfeited to be deducted from the amount of the contract at completion.

The evidence of appellants, detailed above, and this contract, were the basis on which the judgment of the court was placed, and it is insisted by appellants that the judgment is against the law and the evidence.

It is urged by appellants, that, the process of garnishment being a legal proceeding, given by statute, a party is only entitled to recover such indebtedness as could be recovered in an action of debt or *indebitatus assumpsit* in the name of the attachment or judgment debtor, against the garnishee, referring to *Webster et al.* v. *Steele et al.* 75 Ill. 546. That case goes upon the ground the claim sued for must be a legal, not

an equitable claim, and such an one as would sustain an action of debt or assumpsit, and this is doubtless the proper view.

The question then is, could not Kling maintain an action of debt or assumpsit against these appellants on this contract?

It is urged, as no certificates had been issued by the architect, no recovery could be had by Kling. Admitting this, still, under this process of garnishment, which embraces not only goods and chattels, choses in action, credits and effects, but money due or owing to such defendant at the time of the service of the attachment or summons, or at any time after, or which shall or may thereafter become due, as well as that which is already due, (Ch. 62, § 6, title " Garnishment," Rev. Stat. 1874,) it can not be said, in the absence of the architect's certificate, that no money was, in fact, due from appellants to Kling. They themselves admit there was money due from them, by admitting they paid him two thousand dollars on orders drawn on them by Kling, subsequent to the service of the writ of garnishment, and which was for materials and labor on these buildings, appropriated before the service of the writ. These facts go to show appellants were indebted to Kling at the time the writ was served. The claim for two thousand dollars, as due from Kling to appellants, is not explained, and we infer it grows out of the asserted fact that the building was not finished at the time stipulated, thereby entitling appellants to the stipulated penalty. There is no proof this penalty was recoverable, for if appellants had not been damaged by the delay, the recovery would be only nominal. There is no evidence appellants were deprived of the use of these buildings a single day after November 1, 1874, and the fact that they paid these orders, amounting to near two thousand dollars, established the fact they had in their hands money belonging to Kling greatly exceeding the amount of Koeritz's claim, and out of which it should have been paid.

We perceive no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*