DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1926.

---

**J. Bannen Swope, Defendant in Error, v. D. T. McClure and W. E. Lenertz, trading as D. T. McClure & Company, Garnishees, Plaintiffs in Error.**

## Gen. No. 30,286.

1. PAYMENT—*giving of check as conditional payment.* The giving of a check by a debtor to his creditor operates as a conditional payment of the debt, notwithstanding that the check itself does not effect an assignment of any part of the funds to the credit of the drawer with the bank.

2. GARNISHMENT—*nature and limitations of liability of garnishee.* The proceeding under the statute by a judgment creditor against a garnishee is one at law brought by the garnisher against the garnishee in the name of the judgment debtor, and ordinarily in such an action, so far as credits are concerned, he can recover only that which could be recovered in a suit in assumpsit or debt brought by the judgment debtor against the garnishee.

3. GARNISHMENT—*return of check given in payment of alleged indebtedness to principal defendant as prerequisite to holding garnishee.* Where, prior to the service of garnishment process upon the debtor of the judgment creditor, such debtor had given to the judgment debtor a check for the amount of the debt due to him, the judgment creditor could not recover against the garnishee without procuring a return of the check to the garnishee, the latter

578

having used due diligence to stop payment thereon upon being served with process.

Error by defendants to the City Court of Chicago Heights; the Hon. Lee W. Carrier, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Reversed. Opinion filed March 2, 1926. Rehearing denied March 15, 1926.

Robert A. Meier, Jr., for plaintiffs in error; Harry A. Goldsmith, of counsel.

Charles F. McElroy, for defendant in error.

Mr. Presiding Justice Matchett delivered the opinion of the court.

The garnishees in the trial court have brought this writ of error to reverse a judgment entered in favor of defendant in error for $218.44.

The original suit was in attachment and was brought by the plaintiff, defendant in error, against Herman Lemke and Rigmor Lemke, residents of the State of Michigan.

The suit was begun on September 17, 1921, and defendants, plaintiffs in error, were summoned as garnishees on the same day. There was service by publication and judgment against the debtors, and the garnishees not having answered, a conditional judgment was entered against them on June 5, 1922, and a scire facies thereupon issued.

The garnishees thereupon appeared and answered in response to the interrogatories theretofore filed that the garnishees were not indebted and had no property belonging to the debtors at the time of the service of the writ.

August 11, 1923, the garnishees were discharged. A motion for a new trial was entered on September 8, 1923, thereafter and subsequently granted, and upon that trial a judgment against the garnishees was entered.

The facts are practically undisputed. The plaintiffs in error, McClure and Lenertz, are a copartnership, doing business under the name of D. T. McClure & Company. On September 16, 1921, at 3:30 p. m., Mr. Lenertz delivered to the defendant, Rigmor Lemke, a check for $221.44, which was drawn on the Commercial Bank of Chicago Heights, Illinois, and signed in the name of the copartnership by Mr. Lenertz. This check is in evidence, was made to the order of the defendant, Rigmor Lemke, and is indorsed by him, by one Cornelius DeKeyser, by the First State Bank of Holland, Michigan, to the order of the National City Bank of Chicago Heights and by that bank indorsed "Pay to ourselves, September 19, 1921." This check was delivered to Rigmor Lemke in the presence of Herman Lemke.

Prior to the time that the check was delivered, Mr. Lenertz of the garnishees told the plaintiff that he would advise him at any time he might learn of Lemke's leaving Chicago Heights, and immediately after the two Lemkes left his office, Mr. Lenertz did communicate to the plaintiff that he had given Lemke this check and that the Lemkes had left for the C. & E. I. R. R. depot and that plaintiff could go to the depot and see them. This telephone message was the result of plaintiff having previously told Mr. Lenertz of the indebtedness which he claimed against the Lemkes.

On September 17, 1921, about 9:30 a. m., a writ of attachment was served on the Commercial Bank of Chicago Heights, Illinois, summoning that bank as garnishee. The writ was afterwards withdrawn, and later on the same day was served on Mr. Lenertz, summoning the copartnership as garnishees.

Immediately Mr. Lenertz gave instructions to an employee of the bank in question to stop payment on the check delivered previously to Rigmor Lemke. He also at that time telegraphed one of the three banks at Holland, Michigan, notifying this bank that payment

had been stopped on the check. He described the check in the telegram and requested this bank to advise the other banks in Holland, Michigan. On September 20, 1921, the check was presented to the Commercial Bank of Chicago Heights and cashed by it, notwithstanding the stop order previously given, and it is agreed that Mr. Lenertz never gave to the bank any further order to cash the check and did not learn that it had been cashed until about September 21, 1921, when the plaintiff called and asked him if he had heard from the banks in Holland, Michigan. Mr. Lenertz examined the paid checks of McClure & Company, then in the bank's possession, and found that the check had been cashed and learned from the cashier of the bank that the stop order had been overlooked.

It is elementary, we believe, that in a proceeding of this character, the action under the statute is one at law brought by the garnisher against the garnishee in the name of the judgment debtor, and that ordinarily in such action, the garnisher, in so far as credits are concerned, can recover only that which could be recovered in a suit in assumpsit or debt brought by the judgment debtor against the garnishees. *Webster v. Steele,* 75 Ill. 544; *Samuel v. Agnew,* 80 Ill. 555; *Richardson v. Lester,* 83 Ill. 55.

We are unable to understand upon what theory the judgment debtors here could have recovered against these garnishees in an action in assumpsit or debt after the delivery of the check. Certainly, they could not have done so without the return of the check to defendants. The delivery of the check to Herman Lemke by the garnishees was a conditional payment of the indebtedness (*Heartt v. Rhodes,* 66 Ill. 351; *Bailey v. Pardridge,* 134 Ill. 194; *Hooker v. Burr,* 137 Cal. 663), and this, we think, notwithstanding the fact that the check itself would not operate as an assignment of any part of the funds to the credit of the drawer with the bank. *Cook v. Lewis,* 172 Ill. App. 518; *Ozburn v. Corn Exchange National Bank,* 208 Ill. App. 155; *Sar-*

antopoulos v. Mid-City Trust & Savings Bank, 222 Ill. App. 24.

The garnisher cites and relies on Bank of Montreal v. Clark, 108 Ill. App. 163, but that case is, we think, clearly distinguishable. The court there held that the Chicago branch of the Bank of Montreal, which had been duly summoned as garnishee, was negligent in that, having knowledge, it failed to communicate to another branch bank of the Bank of Montreal in Toronto, Canada, with which the debtor had an account, the fact of the garnishment. The garnishee there was negligent, as the court held. Here the garnishees, on the contrary, gave to the bank in which the fund was deposited due and timely notice. The garnisher insists that the bank was simply the agent of the garnishees, and that the garnishees were therefore liable for the alleged negligence of the bank. Binkley v. Clay, 112 Ill. App. 336, is cited to this point, but is not applicable for the reason that in that case a draft, which had been drawn upon another bank, was in the possession of and control of the garnishee and undelivered at the time of the service of the writ. In this case the check had been delivered before the garnishees were served.

The garnisher says that a bank is the agent of its depositors, but does not cite cases so holding. This is not, we think, always true. The relationship generally between a bank and its depositors is that of debtor and creditor. If for some purposes it may be considered the agent of the depositor, we would still hesitate to say that the depositor was liable for the negligence of the bank. We are not aware that the doctrine of respondeat superior has been carried thus far.

The garnisher was not entitled to recover and the judgment is reversed.

Reversed.

Johnston and McSurely, JJ., concur.