William J. Baird for the Use of Twerdahl & Stroemer, Inc., Appellee, v. Luse-Stevenson Company, Appellant.

Gen. No. 34,947.

Opinion filed October 9, 1931.

J. C. FARWELL, for appellant; FRANK H. MADDEN, of counsel.

ADER & ADER, for appellee; DAVID B. ROTHSTEIN, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On August 14, 1930, Twerdahl & Stroemer, Inc., a corporation, caused a judgment by confession for $356 to be entered in the municipal court against William J.

Baird, on the latter's note. On October 8, 1930, execution was returned "no property found and no part satisfied." On the following day garnishment proceedings were commenced under section 1 of the Garnishment Act (Cahill's St. 1929, ch. 62, ¶ 1, p. 1420) against Luse-Stevenson Company, a corporation, and a summons was served upon it on October 10, 1930. Its answer as garnishee, filed October 15, 1930, was to the effect that it did not have, either at the time of the service of the summons upon it or at any time since, any moneys, rights, credits, etc., of said Baird in its possession or control. The answer was contested. There was a trial without a jury on November 17, 1930, resulting in the court finding the issues against the garnishee and that it owed plaintiff the sum of $356. Judgment in that sum was entered against it and the present appeal was perfected.

The cause was tried on a stipulation of facts as follows:

"That the books and records of the garnishee disclose that between the service of notice of garnishment upon the garnishee and the filing of its answer, the sum of $530 was paid to the original defendant (Baird) *as an advance or drawing account* against future commissions to be earned by him; that at the time of the service of notice of garnishment upon the garnishee and at the present time there was and is due from the original defendant (Baird) to the garnishee a sum in excess of $4,000, for moneys advanced in the past to apply against commissions earned and to be earned by said original defendant in the employ of the garnishee."

Considering the common law record and the facts as stipulated, as well as the law applicable thereto, we are of the opinion that the finding and judgment of the trial court were right and that the judgment appealed from should be affirmed. Although it is the law in this State that a judgment creditor can only recover from the garnishee that which the judgment debtor could have

recovered in an action of assumpsit or debt brought by him against the garnishee (*Swope v. McClure,* 239 Ill. App. 578, 581; *Webster v. Steele,* 75 Ill. 544, 546); and although it is provided in substance in section 13 of our Garnishment Act, Cahill's St. ch. 62, ¶ 13, that where there is money due from the judgment debtor to the garnishee the latter has the right to set off the amount in the garnishment proceeding; yet, as we understand it, it is also the law that the payment of money by the garnishee to his employee judgment debtor between the time of the service of a summons upon him as garnishee and the filing of his answer in the garnishment proceeding, *is an admission of indebtedness* to the employee by said garnishee. In *Wilcus v. Kling,* 87 Ill. 107, 110, it is decided in substance that although a person may not be liable to be sued for money due from him for labor and materials used in the erection of a building at the time he is garnisheed, for want of an architect's certificate, yet it does not follow that he owes nothing, and if he pays out moneys on orders drawn on him by the workman *after* service on him, this will be an admission that he owed the same, and from which a recovery may be had against him by the garnishing creditor. In *Paisley for use of Hooper v. Park Fireproof Storage Co.,* 222 Ill. App. 96, a case decided by this division of the Appellate Court for the first district, it appears that Hooper recovered a judgment against Paisley for about $150; that after an execution had been returned unsatisfied, garnishment proceedings were commenced against the Storage Co. on May 8, 1920; that its answer, "no funds," was contested; that on the trial the evidence disclosed that Paisley was an employee of the garnishee at a salary or wage of $41 per week, that *after* the garnishee had been served with process it paid to Paisley (judgment debtor) $41 on May 11, 1920, and $41 on May 18, 1920, that at the time of the service of summons upon the garnishee Paisley was indebted to it upon his demand

note for $300, dated February 21, 1920, which sum had been *advanced* to him, and that the garnishee was the holder of the note and the entire amount thereof was payable to it at the time it was served with the garnishee summons. The trial court found that the garnishee was indebted to Paisley (judgment debtor) in the sum of $82, and entered judgment in that sum against it. In affirming the judgment this court, after stating that appellant (the garnishee) relied upon sections 13 and 24 of the Garnishment Act, Cahill's St. ch. 62, ¶¶ 13 and 24, said (pp. 98, 99):

"We are of the opinion that upon service of garnishment process the garnishee had the right to adjust the account between itself and the judgment debtor and apply the amount due Paisley for salary on his note for $300, in conformity with these provisions of the statute. *Obergfell v. Booth,* 218 Ill. App. 492. The garnishee did not see fit to do so, but after service of garnishment process paid Paisley $82, and in so doing admitted an indebtedness to that amount. *Wilcus v. Kling,* 87 Ill. 107."

In *Hudson for use of Topp v. Hudson Motor Co.,* 238 Ill. App. 391, a case decided by another division of this court, the holdings in the *Wilcus* and *Paisley* cases, *supra,* were followed, the court saying (p. 394):

"Under section 13, ch. 62, of the Garnishment Act, . . . the garnishee had the right, upon service of garnishment process, to deduct from Hudson's salary, as it was or came due, what he owed, but it could not refrain from adjusting the account and go on paying his salary for years, and so, simply by so doing, evade and avoid its statutory obligation."

The judgment of the municipal court is affirmed.

*Affirmed.*

KERNER and SCANLAN, JJ., concur.