John Burke for Use of Frank O. Birney et al., Receivers of Trustees System Discount Company of Chicago, Appellant, v. Congress Hotel Company, Appellee.

Gen. No. 37,769.

Heard in the second division of this court for the first district at the October term, 1934. Opinion filed June 13, 1935.

EUGENE STEWART, of Chicago, for appellant; SAMUEL E. HIRSCH, A. J. SCHANFARBER, J. S. GREENBERG and CARL S. GOODMAN, all of Chicago, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

March 18, 1933, Frank O. Birney and R. L. Stewart, as receivers of Trustees System Discount Company of Chicago, obtained judgment in the municipal court against several defendants, including John Burke, vice president of Congress Hotel Company, for $1,380, which by stipulation of the parties was later reduced

to $1,170. Garnishment proceedings were thereafter instituted, and July 20, 1933, the Congress Hotel Company was served with summons as garnishee. July 22, 1933, its answer was filed, showing "no funds," and it also answered "no" to each of the interrogatories propounded by plaintiff.

From the undisputed facts it appears that Burke, as vice president and managing director of garnishee, was paid a monthly salary of $876.87, payable on the 1st day of each month, and that at the time of filing its answer garnishee was indebted to Burke in the sum of $622.29 for salary earned by him from July 1, 1933, to July 22, 1933, the date its answer was filed. On said date Burke was indebted to Congress Hotel Company in the amount of $718.38. August 1, 1933, during the pendency of the suit, garnishee paid Burke his full salary for July, amounting to $876.87, which included the sum of $622.29 due him on July 22. The court heard the cause without a jury and February 16, 1934, entered judgment dismissing the garnishee. This appeal followed.

Sec. 13 of the Garnishment Act (Cahill's Ill. Rev. St. 1933, ch. 62, ¶ 13) provides that:

"Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff, and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and whether by way of set-off on a trial, or by the set-off of judgments or executions between himself and the plaintiff and defendant severally, and he shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries: . . ."

The right of the Congress Hotel Company to set off the indebtedness due it from Burke is not questioned.

It is contended, however, that garnishee failed to make the adjustment and to "retain or deduct" Burke's debt to it from the amount of salary due him up to the date of the service of garnishment summons, as contemplated by statute, and that the subsequent payment to Burke of his entire salary for the month of July amounted to an admission on its part that at the time of the filing of the answer it held funds belonging to Burke. The garnishee, on the other hand, takes the position, which was evidently concurred in by the court, that the rights and obligations of the parties became fixed as of the date of the filing of its answer, and since Burke on that date owed the garnishee a sum in excess of the salary earned by him prior to service of the garnishee summons, garnishee had the right to set off its indebtedness against salary earned, and was therefore justified in answering "no funds"; and that subsequent payments to Burke did not affect the correctness of its answer or the rights of the parties.

The subject under discussion has been passed upon under somewhat similar circumstances in the following cases:

In *Paisley v. Park Fireproof Storage Co.*, 222 Ill. App. 96, judgment was had for $153.44, and garnishment proceedings were instituted May 8, 1920. The garnishee filed its answer setting forth that the judgment debtor was a wage earner and head of a family, with whom he resided, and that at the time of the service of the summons the garnishee was not indebted to Paisley in any sum whatsoever. After a hearing to contest the answer of the garnishee, the court found that it was indebted to Paisley in the sum of $82, and judgment was entered accordingly. It appears from the facts that Paisley was indebted to the garnishee upon a demand note of $300, dated February 21, 1920, which was given for money advanced. The company was the holder and owner of the note, the whole

amount of which, with accrued interest, was due at the time the garnishment summons was served. The evidence also discloses that the garnishee paid Paisley $41 on May 11, 1920, and $41 on May 18, 1920, both payments being after service of the garnishee summons. The garnishee in that case likewise relied upon sec. 13 of the act, which the court considered and discussed in its opinion, with the conclusion that "upon service of garnishment process the garnishee had the right to adjust the account between itself and the judgment debtor and apply the amount due Paisley for salary on his note for $300, in conformity with the provisions of the statute. *Obergfell v. Booth,* 218 Ill. App. 492. The garnishee did not see fit to do so, but after service of garnishment process paid Paisley $82, and in so doing admitted an indebtedness to that amount. *Wilcus v. Kling,* 87 Ill. 107."

In *Obergfell v. Booth,* 218 Ill. App. 492, which is cited in the *Paisley* case, the garnishee appealed from a judgment for $335.93 recovered by plaintiff. The garnishee's answer admitted an indebtedness in the above amount, but contended that Booth, the judgment debtor, had executed a promissory note in the sum of $1,000, to the order of the Central Trust Co., which became due November 22, 1918, shortly after the garnishee's answer was filed and was renewed upon the same terms for a period of 90 days. Certain collateral was deposited as security for the payment of the note. It was held that whatever right the garnishee had to apply the sum of $335.93 admitted to be due the judgment debtor toward the payment of the note "was lost when the garnishee took the renewal note of November 22, even though we do not consider the taking of that note as a payment of the debt. Although the taking of the renewal note did not extinguish the debt, it did have the effect of materially altering the relation of the parties involved. While the garnishee, under

the provisions of the statute, has the right, upon being notified of garnishment proceedings, to adjust any demands it may have against the judgment debtor, it cannot enter into any new agreements with the debtor involving money or property which it holds to secure the debt, which agreements may operate to the detriment of the attaching creditor.''

In *Baird v. Luse-Stevenson Co.*, 262 Ill. App. 547, a judgment was had on Baird's note for $356, and garnishment proceedings were instituted against Luse-Stevenson Co. and summons served October 10, 1930. The garnishee filed its answer October 15, 1930, showing ''no funds.'' Upon contest of the answer the court found the issues against the garnishee, and entered judgment accordingly. From the stipulated facts it appears that between the service of garnishment summons and the filing of the answer the sum of $530 was paid to Baird, as an advance or drawing account against future commissions to be earned by him, and that at the same time there was due the garnishee from Baird a sum in excess of $4,000 for moneys advanced in the past to apply against commissions earned and to be earned by Baird in connection with his employment. The court sustained the judgment, holding that ''the payment of money by the garnishee to his employee judgment debtor between the time of the service of the summons upon him as garnishee and the filing of his answer in the garnishment proceeding, *is an admission of indebtedness* to the employee by said garnishee,'' citing and discussing both *Wilcus v. Kling,* 87 Ill. 107, and *Paisley v. Park Fireproof Storage Co.,* 222 Ill. App. 96.

In *Hudson v. Hudson Motor Co.,* 238 Ill. App. 391, judgment was obtained against Thomas J. Hudson for $622.30. Garnishment summons was served on the Hudson Motor Co., April 20, 1922. The answer of the garnishee, filed May 16, 1922, showed ''no funds,''

After a hearing, the court entered judgment in favor of the garnishee, which was reversed on appeal. It appeared from the evidence that Hudson was employed by garnishee as retail sales manager, at a salary of $416.66, which was paid to him in semi-monthly payments of $208.33, on the 1st and 15th of each month. From the exhibits introduced in evidence, there appeared eight items of debit and five items of credit, showing a balance due from Hudson to the garnishee of $859.98. Other exhibits disclosed that between April 1, 1922, and February 28, 1923, the garnishee had paid Hudson his salary of $208.33 every 15 days from April 1 to May 31, 1922, and had also paid Hudson his salary, at an increased rate of $250, for every 15 days from June 1, 1922, to December 31, 1922, and from January 1, 1923, to February 28, 1923, at the rate of $312.50 every 15 days. It was there contended by the garnishee that, while the payments of salary were made or paid or advanced to Hudson he always remained the garnishee's debtor and therefore nothing was due or owing him when the garnishment summons was served. The reviewing court, however, found that the record did not support that contention, and stated that the arrangement was ''evidently a subterfuge.'' Referring to sec. 13 of the Garnishment Act, and citing the *Paisley* case, *supra,* the court concluded that the garnishee had the right, upon service of process, to deduct from Hudson's salary ''as it was or came due, what he owed, but it could not refrain from adjusting the account and go on paying his salary for years, and so, simply by so doing, evade and avoid its statutory obligation.''

We regard these cases as controlling . The garnishee argues that because Burke's indebtedness to it exceeded the amount due Burke on the date of the garnishee summons, it had the right under the statute to set off the amount of the indebtedness from Burke

against what it owed him, without actually making the adjustment contemplated by statute; that the rights of the parties are to be determined as of that date; and that the subsequent payment of Burke's salary for July, during the pendency of the suit, is immaterial. This position is untenable, and is not sustained by the authorities. The statutory provision is intended to protect a garnishee against debts which may be due from the judgment debtor, but, in order to avail itself of the statutory provision, garnishee must make the adjustment when notified of the garnishment proceeding, and cannot thereafter pay to the judgment debtor the amount admitted to be due him and still rely upon the statutory protection. Had the garnishee in the instant case retained or deducted the sum due Burke from the amount that Burke owed it when the garnishment summons was served, it could have availed itself of the statutory provision, but in paying Burke his salary after answer and during the pendency of the suit it admitted its debt to Burke and lost the right which the statute affords.

The judgment of the municipal court will be reversed and judgment entered here in favor of plaintiff and against the garnishee, Congress Hotel Company, in the sum of $622.29 and costs.

*Reversed and judgment here.*

SCANLAN and SULLIVAN, JJ., concur.