Pines Trailer Corporation, a Corporation, Plaintiff-Appellee, v. Roaring Express Co., Inc., a Corporation, and J. DeVries, Defendants-Appellees, and Evergreen Plaza Bank, Garnishee Defendant-Appellant.

Gen. No. 54,416.

First District, First Division.
June 15, 1970.

Carroll, Connelly & Hartigan, of Chicago, for appellant.

Shaffer, Seelig, Mandel & Shapiro, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by the defendant garnishee, Evergreen Plaza Bank, from an order striking the answer of the garnishee and entering judgment in favor of the plaintiff, Pines Trailer Corporation, in the amount of $1,556.57 plus costs.

There is no factual dispute. On September 8, 1967, Roaring Express Co., Inc., by Gerrit DeVries, its President, executed a promissory note in the amount of $12,-600 payable to the order of Evergreen Plaza Bank, together with a chattel mortgage security agreement whereby it granted to the Bank a security interest in certain vehicles. On March 30, 1968, Roaring Express in consideration of several loans executed an additional promissory note in the amount of $1,208.40 payable to the Bank. Both notes provided that the Bank could at

any time thereafter, without notice, appropriate and apply toward payment of the notes, whether due or not, any indebtedness of the Bank, including but not limited to, any and all balances, credit deposits, accounts or money of Roaring Express or Gerrit DeVries.

On January 27, 1969, the Bank was served with a garnishment summons by Pines Trailer Corporation. At that time the two loans made to Roaring Express were in default, the last payment having been made on October 11, 1968. There were unpaid balances on the two respective notes in the amounts of $9,197.50 and $604.20. Upon being served with the garnishment summons on January 27th, the Bank applied a balance of $2,371.20 in a checking account in the name of Roaring Express and a balance in the checking account in the name of Gerrit DeVries of $346.89 to offset the unpaid balances on the loans made to Roaring Express. On February 3, 1969, an additional deposit of $1,529.32 was made to the account of Roaring Express, and the Bank elected to also offset this amount against the unpaid balances, leaving a balance due to the Bank of $5,559.29.

The issues presented are whether upon service of the garnishment summons the Bank was entitled to set off its liabilities to Roaring Express and Gerrit DeVries against the liabilities they owed to the Bank and whether the Bank could again set off the subsequent deposit made by Roaring Express.

Section 8 of the Garnishment Act (Ill Rev Stats, 1967, c 62, § 40) provides in part:

> The garnishee is entitled to assert against indebtedness due to the judgment debtor offsetting demands against either or both the judgment creditor and the judgment debtor, whether (1) due at the time of service of the garnishment summons or thereafter to become due. . . .

Section 9–501(1) of the Uniform Commercial Code (Ill Rev Stats 1967, c 26, § 9–501(1)) in specifying the remedies available to the secured party states as follows:

> When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and . . . those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. . . . The rights and remedies referred to in this subsection are cumulative.

██ Both of the notes provided for the right of the Bank to set off any accounts of Roaring Express and De Vries. It has also been held that a bank need not proceed first against collateral security before exercising its right of setoff. Olsen v. Valley Nat. Bank of Aurora, 91 Ill App2d 365, 234 NE2d 547. In that case, the Appellate Court held that the bank was not deprived of its right of setoff simply because it had the foresight to obtain collateral for the obligations owed to it. The court noted that under the Uniform Commercial Code a creditor is able to proceed with a number of remedies until the debt is satisfied. We are not persuaded that the fact that the judgment debtor had been in default to the Bank for a period of at least three months before service of the garnishment summons should change this result. We hold that the Bank clearly had the right to offset the funds of Roaring Express and Gerrit DeVries against their liabilities to the Bank upon being served with the garnishment summons.

██ Plaintiff has also urged that by using the setoff upon being served with the garnishment summons, the Bank thereafter had no right to also apply the subsequent deposit made by the judgment debtor. We

cannot agree. As stated in the Olsen case, the garnishee may proceed with any of a number of remedies until the debt is paid. We find no merit to the argument that the garnishee had the obligation of adjusting all demands and accounts between itself and the judgment debtor when served with the garnishment summons. The cases cited in support of this theory are clearly inapplicable on the facts. The judgment debtors still owed the Bank a considerable sum of money, and it was therefore proper for the Bank to exercise its right of setoff against the subsequent deposit.

The orders and judgment of the Circuit Court are therefore reversed, and the cause is remanded to the Circuit Court with directions to vacate the judgment entered against the garnishee bank and to grant the motion to dismiss the garnishment proceedings against the Evergreen Plaza Bank.

Judgment reversed and cause remanded with directions.

MURPHY and ADESKO, JJ., concur.