MAPLEHURST FARMS, INC., Plaintiff-Appellant, v. GREATER ROCK-FORD ENERGY & TECHNOLOGY COMPANY, Defendant (First National Bank & Trust Company of Rockford, Garnishee-Appellee).

Second District   No. 2—87—0828

Opinion filed April 13, 1988.

Elmer C. Rudy, of Williams & McCarthy, of Rockford, for appellant.

Curtis D. Worden, of Curtis D. Worden, Ltd., and Connolly, Oliver, Close & Worden, both of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Maplehurst Farms, Inc. (Maplehurst), appeals from an order of the circuit court of Winnebago County entering judgment in favor of garnishee, First National Bank and Trust Company of Rockford (Bank), in an action to recover funds from the checking and savings accounts of the judgment debtor, Greater Rockford Energy and Technology Company (GREAT). On appeal, Maplehurst contends that the Bank lost its right to setoff by failing to claim the right in its original answer to the garnishment interrogatories and by failing to exercise the right in a timely fashion. We affirm.

Maplehurst's complaint sought recovery from GREAT of certain sums allegedly due and owing as a result of corn purchases. On June 26, 1987, the circuit court entered a default judgment against GREAT in the amount of $77,314.52. Three days later, Maplehurst filed an affidavit of garnishment and interrogatories against the Bank. The Bank was served on June 30, 1987, and filed its answers to the interrogatories the next day. In its answer, the Bank stated that it possessed $19,929.28 from the checking and savings accounts of GREAT. On July 6, 1987, Maplehurst presented a petition to the court for an order requiring the Bank to turn the funds over to Maplehurst. The court issued a turnover order that same day. The next day, the court stayed the turnover order at the Bank's request because the Bank alleged that it did not receive proper notice of the hearing date on Maplehurst's petition for a turnover order. The court also gave the Bank one week to file a pleading claiming its right to setoff.

On July 13, 1987, the Bank filed a motion for leave to amend its answer to interrogatories by adding a setoff claim. The court granted

the Bank leave to file its amended answer on August 7. On August 12, the court held a hearing concerning the disputed funds. Raymond W. Keller, a senior vice-president of the Bank, testified that, at the time the Bank was served with the affidavit of garnishment and interrogatories, GREAT was in default to the Bank on repayment of over $1 million in loans. Keller stated that after the Bank received notice of the garnishment proceedings, it withdrew all funds from the GREAT accounts and was presently holding the funds in the form of a cashier's check. According to Keller, the Bank had not yet applied the funds toward the indebtedness. On August 24, 1987, the trial court entered an order vacating its previous turnover order and stating that the Bank was entitled to set off the funds in question against the indebtedness of GREAT to the Bank. Maplehurst filed a timely notice of appeal from that order.

Maplehurst initially contends that the Bank lost its right to claim a setoff by failing to assert that right in its answer to the garnishment interrogatories and that the trial court erred by permitting the Bank to amend its answer in order to add a setoff claim. We disagree.

According to Maplehurst, the Bank was required to claim its setoff right prior to the attachment of the statutory lien provided by section 12—707(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 12—707(a)). Maplehurst further asserts that this lien attaches at the time the garnishee files its answer to the garnishment interrogatories.

Section 12—707(a) of the Code states as follows:

"To the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest. The judgment or balance due thereon *becomes a lien* on the indebtedness and other property held by the garnishee *at the time of the service of the garnishment* summons and remains a lien thereon pending the garnishment proceeding." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 12—707(a).)

It is readily apparent that this lien attaches at the time the garnishee is served with process, not, as Maplehurst contends, at the time the garnishee answers the garnishment interrogatories. Otherwise, the primary purpose of this provision, which is to ensure that the property in the possession, control or custody of the garnishee in which the judgment debtor has an interest will be preserved intact, would be entirely frustrated since the garnishee could dispose of the property

between the time of service and the time it answers the interrogatories.

■■ Thus, if we were to accept Maplehurst's argument that a garnishee must claim its setoff right prior to the time that the section 12—707(a) lien attaches, this would mean that a garnishee would have to assert this right prior to the time it is served with process in the garnishment proceedings. In *Pines Trailer Corp. v. Roaring Express Co.* (1970), 127 Ill. App. 2d 46, 49, the court held that a garnishee could assert its right to a setoff for the first time after being served with a garnishment summons, even if the judgment debtor had been in default to the garnishee for several months prior to that time. The right of a garnishee to claim a setoff in garnishment proceedings, as set forth in *Pines Trailer Corp.* and section 12—708 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 12—708), would be effectively precluded if we were to accept Maplehurst's reasoning. Moreover, under the plain language of section 12—707(a), the lien established by that provision is a temporary one which only exists during the pendency of the garnishment proceedings. (Ill. Rev. Stat. 1985, ch. 110, par. 12—707(a).) The fact that this temporary lien has attached in favor of the judgment creditor does not prevent the garnishee or other adverse claimants from asserting an interest in the subject property. The Bank did not lose its right to claim a setoff by failing to assert that right in its original answer to the garnishment interrogatories.

■■ ■ We must now determine whether the trial court abused its discretion by granting the Bank leave to amend its answer to the garnishment interrogatories. The trial court's decision on a motion for leave to amend a pleading will not be disturbed upon review absent an abuse of discretion. (*Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 709.) Courts should readily permit pleadings to be amended unless an opposing party would be prejudiced as a result. (148 Ill. App. 3d at 710.) In the instant case, the Bank filed a motion for leave to amend its answer and described the nature of the proposed amendment in its motion one week prior to the return date, which was the day the original answer was due. We perceive no prejudice to Maplehurst as a result of the trial court's decision to allow the motion, nor does Maplehurst assert that there was any such prejudice. The trial court did not abuse its discretion by granting the Bank leave to amend its answer in order to claim its right to setoff.

■■ Maplehurst's further contention, that the Bank lost its right to setoff by failing actually to exercise the right in timely fashion, is without merit. According to Maplehurst, the Bank was required to set off the funds in question against the debt owed by GREAT prior to

the ruling of the trial court concerning the disposition of these funds. However, section 12—707(a) of the Code requires the garnishee to hold the property in which the judgment debtor has an interest pending a court order in the garnishment proceedings. (Ill. Rev. Stat. 1985, ch. 110, par. 12—707(a).) The Bank met its obligation as a garnishee under section 12—707(a) of the Code by holding the disputed funds in the form of a cashier's check and by awaiting the trial court's judgment before applying those funds to the debt of GREAT. We reject Maplehurst's contention that the Bank was actually required to set off the disputed funds against the debt of GREAT prior to the entry of judgment in the garnishment proceedings in order to claim a right to set off in those proceedings. A garnishee may preserve its rights to setoff by either retaining the funds or applying them against the debt. See *Burke v. Congress Hotel Co.* (1935), 280 Ill. App. 493, 499.

Finally, we take note that two cases cited by Maplehurst, *Vendo Co. v. Stoner* (1982), 108 Ill. App. 3d 51, and *Burke v. Congress Hotel Co.* (1935), 280 Ill. App. 493, are inapposite. In the *Stoner* case, a citation to discover assets was issued to a bank. The bank failed to disclose at the citation hearing that it held certain treasury notes in which one of the defendants had an interest. (*Stoner*, 108 Ill. App. 3d at 53.) Several weeks later, the bank liquidated the notes and set off the amounts collected against certain debts. (108 Ill. App. 3d at 53.) The court affirmed the subsequent entry of judgment against the bank by the trial court, ruling that this was an appropriate sanction under what is now section 2—1402(d)(1) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1402(d)(1)), which states that if a party violates the restraining portion of a citation to discover assets, the trial court may enter judgment against that party for the balance of the judgment due or the value of the property in question. (*Stoner*, 108 Ill. App. 3d at 58.) The court also stated that the bank lost its right to assert a setoff claim. (108 Ill. App. 3d at 58.) In the instant case, unlike *Stoner*, the Bank did not conceal the assets it was holding in which the judgment debtor had an interest, nor did it dispose of those assets improperly. Accordingly, *Stoner* is distinguishable.

In *Burke*, the garnishee issued a paycheck to the judgment debtor after being served with process in the garnishment action. (*Burke*, 280 Ill. App. at 494.) The court held that this constituted an admission by the garnishee that no debt was owing from the judgment debtor, thus precluding any setoff claim. (280 Ill. App. at 499.) In the case at bar, there is no evidence that the garnishee made any such admission by disbursing funds to the judgment debtor after receiving

772

the garnishment summons.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.