**JERSEY STATE BANK,**
**Plaintiff–Appellee,**
**Cross–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellant,**
**Cross–Appellee.**

**Nos. 90–1522, 90–1730.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1991.

Decided Feb. 21, 1991.

Lee W. Barron, William H. Strang, Jerseyville, Ill., for plaintiff-appellee, cross-appellant.

Richard M. Prendergast, Charles M. Green, Dept. of Justice, Tax Div., Washington, D.C., Frederick J. Hess, U.S. Atty., Robert L. Simpkins, Asst. U.S. Atty., East St. Louis, Ill., Gary R. Allen, Murray S. Horwitz, Robert L. Baker, William S. Estabrook, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for defendant-appellant, cross-appellee.

Before CUMMINGS, POSNER, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

■ The Internal Revenue Service, having assessed (demanded) taxes due from Marion Price, served a notice of levy on the Jersey State Bank, in which Price had a demand deposit account—a notice, in other words, that the Service intended to seize the account in order to collect the assessment. 26 U.S.C. § 6331. Price had borrowed money from the bank for his business in exchange for a note that not only promised to repay the loan but also purported to give the bank a security interest in the deposit account and a right to set off money in that account against Price's debt to the bank. The loan was in default, so after receiving the Internal Revenue Service's notice of levy the bank exercised its right of set off by seizing the balance in the deposit account, some $5,000. Later the Service filed a notice of tax lien, which it claims established its priority over the bank's right of set off. The district court disagreed and gave judgment for the bank in this suit for wrongful levy, and the Service has appealed. The bank has cross-appealed, arguing that it is entitled to reasonable attorney's fees under 26 U.S.C. § 7430, which entitles the prevailing party in a suit for wrongful levy to attorney's fees unless the government's position was substantially justified. The cross-appeal must fail. The statute defines prevailing party to exclude not only the United States but also the taxpayer's creditor, § 7430(c)(4)(A), which is what the bank is.

■ The making of the tax assessment against Price created a lien upon his property, and the lien arose on the date of the

assessment. 26 U.S.C. §§ 6321, 6322. If, however, the competing creditor, that is, the bank, obtained a "security interest" in the property (the money on deposit) before the Internal Revenue Service filed its notice of tax lien, the creditor prevails. § 6323(a). (The notice of levy was not the assessment, was not a notice of tax lien, was not filed, and, in short, has no significance with respect to the question which lien had priority.) We must go therefore to section 6323(h)(1)(A), which defines "security interest," so far as pertinent here, as any interest in property "protected under local law against a subsequent judgment lien arising out of an unsecured obligation." This shunts us to Illinois law, where the controlling case is *Pines Trailer Corp. v. Roaring Express Co.*, 127 Ill. App.2d 46, 261 N.E.2d 709 (1970). A bank was owed money by one of its depositors, who just as in this case had defaulted on an obligation to the bank. Another creditor of the depositor obtained a judgment entitling it to garnish the depositor's account. Before he could do so the bank exercised its right to set off the money in the account against the depositor's debt to it. The court held that this was a proper set off, and by so holding put the bank ahead of a subsequent judgment lienor, the garnishing creditor. This shows that the interest which a bank acquires in its depositor's account as a result of his defaulting is a security interest as defined by the federal statute. So even if the set off had been made after the Internal Revenue Service filed its notice of tax lien, the bank would have won, because the security interest that the set off enforced had been obtained before that filing. Indeed, it may have been obtained even before the promissory note came due by virtue of the default— may have been obtained when the loan was made in the first place. *Bee Jay's Truck Stop v. Dept. of Revenue*, 86 Ill.App.3d 7, 13, 41 Ill.Dec. 257, 262, 407 N.E.2d 755, 760 (1980).

It is arguable (though *Jefferson Bank & Trust v. United States*, 894 F.2d 1241, 1244 (10th Cir.1990), is to the contrary) that the bank's security interest was "inchoate" until the bank exercised its right of set off or took other steps to prevent the depositor from withdrawing the money in the account. But that is of no consequence. The set off was made before the notice of tax lien was filed, and a security interest that predates such notice takes priority over the federal tax lien. All this assumes, moreover—what is by no means clear—that the doctrine of inchoate liens survived the enactment of the Tax Lien Act of 1966, which added to the Code the provisions cited earlier relating to the priority of state-created security interests (§§ 6323(a), (h)(1)(A)). That was a judge-made doctrine designed to determine whether a prior state law lien had acquired "sufficient substance" that it ought to be permitted to defeat a federal tax lien. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 88, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963). The test of "sufficient substance" required that the identity of the state law lienor, the amount of his lien, and the property subject to the lien all have been ascertained, made determinate, before the filing of the federal tax lien. *Id.* at 89, 83 S.Ct. at 1655; *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954). The 1966 Act, passed as it was in part to alleviate the perceived harshness of the doctrine of inchoate liens, *Aetna Ins. Co. v. Texas Thermal Industries, Inc.*, 591 F.2d 1035, 1038 (5th Cir.1979) (per curiam), is markedly, perhaps pregnantly, silent in regard to any requirement that the state tax lien be "choate"; all that is required is that the state security interest have been obtained prior to the filing of the federal tax lien. And the Committee reports state that security interests as defined in the Act "are to have a priority over a nonfiled Federal tax lien ... whether or not in all other regards they are definite and complete at the time notice of the tax lien is filed." H.R.Rep. No. 1884, 89th Cong., 2d Sess. 4 (1966); S.Rep. No. 1708, 89th Cong., 2d Sess. 4 (1966), U.S.Code Cong. & Admin. News 1966, pp. 3722, 3724, 3725. *Aetna* concluded that the Tax Lien Act had wiped out the doctrine of inchoate liens. A number of other decisions, however, including our own *J.D. Court, Inc. v. United States*, 712 F.2d 258, 262 (7th Cir.1983), and deci-

sions in the Fifth Circuit itself, cited in *Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d 152, 161 n. 8 (5th Cir.1990), disagree; and *United States v. Bell Credit Union,* 860 F.2d 365, 371 (10th Cir.1988), tries to split the difference. The present case is hardly the one in which to try to resolve the question what if anything of the doctrine of inchoate liens survived the passage of the Tax Lien Act. Certainly with the actual making of the set off all the requirements of "choateness" had been satisfied, and the set off preceded the notice of tax lien. The testing case would be one in which the bank had made the set off after the notice of tax lien was filed.

It is true, as the government argues, that the Internal Revenue Service is not a garnishment creditor, that the bank's interest was not "perfected" by any act of sequestration or announcement prior to the exercise of the right of set off, and that it was not a common law pledge. But so what? Illinois law would protect the bank's interest in the taxpayer's deposit against a judgment lien creditor of the depositor by allowing the bank to set off the depositor's debt to it with its debt to the depositor (that is, with the deposit) when the other creditor appeared on the scene. This shows that the bank had a security interest within the meaning of the Tax Lien Act when the notice of the federal tax lien was filed. We repeat that, if it is necessary, as it may not be, the security interest was not inchoate at the time the notice of federal tax lien was filed, since the identity of the state law lienor, the amount of his lien, and the property subject to the lien had all been unequivocally fixed earlier, when the bank exercised its right of set off (even earlier, if one agrees with *Jefferson Bank & Trust* ).

Neither the appeal nor the cross-appeal has merit, and the judgment of the district court is therefore

AFFIRMED.